## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **TIFFANY SMITH,** *on behalf of herself and all others similarly situated*, | |
| Plaintiff, | CASE NO. |
| vs. | UNITED STATES DISTRICT JUDGE |
| **STERLING INFOSYSTEMS-OHIO, INC.,** **fka as Acxiom Information Security Services, Inc.** **Serve:** **Parasec Incorporated** **4568 Mayfield Road, #204** **Cleveland, Ohio 44121** | |
| **STERLING INFOSYSTEMS, INC.** **Serve:** **Paracorp Incorporated** **2140 S. Dupont Hwy** **Camden, DE 19934,** | |
| **and** | |
| **E-VERIFILE.COM, INC.,** **Serve:** **Theresa R. Badgett** **900 Circle 75 Parkway, Ste. 1550** **Atlanta, GA 30339.** | |
| Defendants. | |

## CLASS ACTION COMPLAINT
### (Jury Demand Endorsed Hereon)

Plaintiff, Tiffany Smith ("Ms. Smith"), on behalf of herself and all others similarly situated, by counsel, seeks judgment against Defendants and states as follows:

## PRELIMINARY STATEMENT

1.      This is a class action lawsuit for statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §§ 1681a–x (the Fair Credit Reporting Act or "FCRA").

2.      Plaintiff applied for employment with Annapolis Junction Rail Solutions, LLC ("Annapolis"). Annapolis submits its employment applications for qualification and approval through North American Rail Solutions, LLC ("NARS") and CSX Transportation, Inc. ("CSX"). These companies hired E-Verifile.com, Inc. ("E-Verifile") to produce and obtain a consumer report concerning Plaintiff and to then "adjudicate" and determine her eligibility for employment within the CSX and NARS system.  E-Verifile, as a Reseller, in turn and for that same purpose, purchased a consumer report from Sterling Infosystems-Ohio, Inc., a company that merged with and operates together with its parent Sterling Infosystems, Inc. (hereafter, collectively "Sterling").

3.      The consumer report Defendants created, furnished and that E-Verifile used falsely branded Plaintiff as a felon. NARS and CSX, relying on the consumer report that falsely branded Plaintiff a felon and E-Verifile's adjudication, instructed Annapolis to terminate Plaintiff's employment, and without notice to Plaintiff, escorted her from the premises for everyone to see. By taking an adverse action against Plaintiff based in whole or in part on a consumer report, E-Verifile, failed to comply with the procedural protections and requirements imposed by 15 U.S.C. § 1681b(b)(3).

4.      E-Verifile and Sterling also failed to provide Plaintiff and other similarly situated consumers with timely and lawful notice, as required by 15 U.S.C. § 1681k(a)(1), that it was furnishing an employment-purposed-consumer report at the time that it did so. E-Verifile and

Sterling purchased inaccurate derogatory public record information and then resold the inaccurate derogatory public record information to their respective users.  The 1681k(a)(1) notice is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and, as appropriate, correct information in the furnished report. It was also intended to alert the consumer to the user's use of the report to provide consumers with the opportunity to address any concerns or derogatory history in the report directly with the employer. E-Verifile and Sterling's failure to comply with these long standing requirements denied Plaintiff, and each putative class member, these important rights.

5.      Plaintiff also brings individual claims for E-Verifile and Sterling's violation of 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff.

### JURISDICTION

6.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

### PARTIES

7.      Plaintiff is a natural person and a "consumer" as defined by the FCRA.

8.      E-Verifile is a foreign corporation transacting business in Ohio.  At all times relevant to this action, E-Verifile was a "consumer reporting agency" as defined by the FCRA. E-Verifile is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" to third parties. E-Verifile regularly furnishes consumer reports to third parties under contract for monetary compensation.

9.     At all times relevant to this Complaint, E-Verifile was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.  It obtained and purchased those reports from Sterling in Ohio.

10.     Sterling not only transacts business in Ohio, but is principally based here and operates out of this State and federal District.  At all times relevant to this action, Sterling was a "consumer reporting agency" as defined by the FCRA. Sterling is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" to third parties. Sterling regularly furnishes consumer reports to third parties under contract for monetary compensation.

11.     At all times relevant to this Complaint, third party Annapolis was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

12.     At all times relevant to this Complaint, third party NARS was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

13.     At all times relevant to this Complaint, third party CSX was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## BACKGROUND

14.     E-Verifile is a consumer reporting agency that offers a program to its railroad clients named e-RAILSAFE which is a background screening program that is designed to serve "Class 1 Railroads" with operations in the United States.

4

15.     According to E-Verifile, seven railroads currently participate in the e-RAILSAFE program including: BNSF, Canadian Pacific, Canadian National, Conrail, CSX, Norfolk Southern, and Union Pacific.

16.     These railroads then hire contractors, such as Annapolis and NARS, to work on their properties. Every person that works for these contractors must submit to background checks.

17.     The e-RAILSAFE program allows each railroad to monitor and maintain a history of anyone that has had or currently maintains access to their property. All contract personnel must undergo a background check and receive a proper identification badge to gain access to the railroad property.

18.     Consumers are instructed to sign a written consent form agreeing to the procurement of a consumer report through E-Verifile which states, in pertinent part as follows:

> I, the undersigned, hereby consent and authorize _____.,
> its affiliated companies, and/or its agents (collectively, herein after
> referred to as "the Company") to obtain information about me from
> a consumer reporting agency for employment purposes. I
> understand that this means that a "consumer report" and/or an
> "investigative consumer report" may be requested…
> The Company also reserves the right to share background
> investigation results with any third-party companies for whom I
> will be placed to work with as a representative of the Company….
> I AUTHORIZE E-VERIFILE TO OBTAIN A CONSUMER
> REPORT AND/OR INVESTIGATIVE CONSUMER REPORT
> ON ME…

19.     The e-RAILSAFE program lists the following criteria for denial of access to any railroad properties:

- Conviction of a felony offense in the last 7 years

- Release from a penal institution/probation/parole in the last 5 years

- Active misdemeanor and felony warrants

- Any pending felony charge

- Social Security fraud alerts

- A history of crimes of concern

- Out of service area

- Permanent Disqualifier

- Background Check canceled by Contractor

20.    Any consumer that is denied access through one of the above listed items is notified in writing of the final denial decision by a uniform written adverse action notice. The potential employer or employer is also provided with a copy of the notice.

21.    When a consumer is denied access, the e-Railsafe program automatically creates the uniform written adverse action notice which states, in pertinent part as follows:

> Your e-RAILSAFE application for access to **[NAME OF RAILROAD]** property has been **denied**, and, therefore, you are ineligible to receive the required security clearance.
>
> **You were disqualified because of the following reason(s):**
>
> (emphasis in original).

22.    The e-Railsafe program strictly adheres to its criteria for denial of access and there is no discretion as to how the criteria is applied. E-Verifile applies the decision matrix as-is and has no discretion to depart from it.

23.    Using the railroads' criteria, E-Verifile reviews the results of its background reports and adjudicates or codes the consumer as "denied" or "approved".

24.    According to E-Verifile, the railroads that participate in the e-RAILSAFE program are responsible for the screening criteria listed above. However, E-Verifile further states

that the e-RAILSAFE program was developed by the railroads in partnership with E-Verifile.

25. The potential employers or employers are required to accept the results from the e-Railsafe background checks as true and are required to bar or remove any denied consumers from the railroads' properties. Denied access to these properties is tantamount to the denial of employment.

26. At no point in time are any FCRA notices sent to the consumer.

### MS. SMITH'S FACTS

27. In or around March 2014, Plaintiff sought employment with Annapolis.

28. Annapolis conducts its entire business on property owned and/or controlled by CSX.

29. As part of the application process, Ms. Smith was required to sign a written consent form agreeing to the procurement of a consumer report (background check) through E-Verifile.

30. On or about March 28, 2014, Ms. Smith was hired conditioned upon the background check.

31. Annapolis sought a background check concerning Ms. Smith from E-Verifile, through the e-RAILSAFE program, and Sterling.

32. On or around March 28, 2014, E-Verifile received a request for Plaintiff's consumer file from Annapolis through NARS's e-RAILSAFE account. The permissible purpose to access Plaintiff's consumer report was employment related.

33. E-Verifile then purchased criminal and traffic public record information about Plaintiff from Sterling to resell and use in its consumer reports.

34. On or around April 4, 2014, Sterling and then by resale E-Verifile furnished a

consumer report that contained public record information likely to have an adverse effect upon Plaintiff's ability to obtain employment.

35.     E-Verifile resold this information from Sterling to Annapolis, NARS and CSX for the purpose of determining eligibility for employment. E-Verifile was both a user of Plaintiff's consumer report as well as a consumer reporting agency.

36.     Sterling knew that the consumer report it was selling to E-Verifile was being used for an employment purpose. E-Verifile knew that the report that it was selling to Annapolis, NARS and CSX was being used for an employment purpose.

37.     Despite providing a consumer report for an employment purpose to users and then end-users, which consumer reports contained public record information likely to have an adverse effect upon consumers' ability to obtain employment, E-Verifile and Sterling failed to provide notice to Plaintiff that they were doing so, along with the name and address of the person or company to whom such information was being reported.

38.     On April 11, 2014, Annapolis received a standard written adverse action notice from E-Verifile that stated, in pertinent part as follows:

> Your e-RAILSAFE application for access to **CSX Transportation**
>
> **(CSX)** property has been **denied**, and, therefore, you are ineligible
>
> to receive the required security clearance.
>
> **You were disqualified because of the following reason(s):**
>
> * A background investigation indicated a felony conviction within
>
> the last 7 years. (CSX) (emphasis in original)

39.     Plaintiff had no explanation for the felony conviction appearing on her consumer report as it was false.

8

40.     On April 11, 2014, the same exact day as the standard written adverse action notice was dated; Ms. Smith was fired on the spot by Annapolis and escorted off CSX's property.

41.     The employers and users of the consumer reports furnished by Defendants received the reports long before Plaintiff or class members ever knew such a report had been furnished.

42.     Upon information and belief, Plaintiff alleges that E-Verifile and Sterling did not attempt to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Clerk of the Court) and to do so immediately before furnishing a report which includes such information.

43.     Further, the records Defendants obtain are incomplete – Defendants do not obtain the full criminal or traffic file or all of the consumers' personal identifiers in the file.

44.     Section 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

45.     The FCRA defines an adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee," or any "action taken or determination that is . . . adverse to the interests of the consumer." 15 U.S.C. § 1681a(k)(1)(B)(ii), (iv).

46.     E-Verifile did not provide Plaintiff with timely notice required by the Fair Credit Reporting Act prior to taking the adverse action against her.

47.     Additionally, E-Verifile's conduct against the Plaintiff and the putative class members was willful.

48.     As a matter of practice, E-Verifile, regularly and consistently fails to provide the "adverse action notice" to consumers as required by 15 U.S.C. § 1681b(b)(3).

49.     E-Verifile's procedures and conduct were carried out as it intended and were not a mere accident or mistake. Instead, its actions constituted its standard procedures and policy of conducting business.

50.     E-Verifile is well aware of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

51.     Further, upon information and belief, E-Verifile obtained or had available substantial written materials that informed it of its duties under the FCRA.

52.     E-Verifile's conduct was willful and entitles Plaintiff and the putative class members to recover punitive damages for its violations of the FCRA.

53.     E-Verifile and Sterling furnished a report regarding Plaintiff that stated that she was a convicted felon. This was inaccurate as Plaintiff has never been convicted of a felony.

54.     In furnishing this inaccurate consumer report about Plaintiff, E-Verifile and Sterling failed to follow reasonable procedures to assure maximum possible accuracy of the information in the consumer report.

55.     As a result of E-Verifile and Sterling's actions, Plaintiff suffered actual damages.

56.     E-Verifile and Sterling's conduct against Plaintiff was willful.

57.     As a matter of practice, E-Verifile and Sterling regularly and consistently fail to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports and credit files they publish and maintain concerning consumers as required by 15 U.S.C. § l681e(b).

58.     E-Verifile and Sterling's procedures and conduct were carried out as intended and were not mere accidents or mistakes. Instead, their actions constituted their standard procedures and policy of conducting business.

59.     E-Verifile and Sterling are well aware of their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

60.     Further, upon information and belief, E-Verifile and Sterling obtained or had available substantial written materials that informed them of their duties under the FCRA.

61.     Despite knowing of these legal obligations, E-Verifile and Sterling acted consciously and willfully in breaching their known duties and depriving Plaintiff of her rights under the FCRA.

62.     Plaintiff alleges that E-Verifile and Sterling's conduct as alleged herein was consistent with their established and systematically executed procedures and policies of noncompliance with the FCRA.

63.     E-Verifile and Sterling's conduct was willful and entitles Plaintiff to recover punitive damages for its violations of the FCRA.

**COUNT I: VIOLATION OF 15 U.S.C. § 1681k(a)**
**Class Claim against E-Verifile and Sterling**

64.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

65.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "1681k Class") defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a consumer report furnished to a third

party, (b) that was furnished for an employment purpose, (c) that contained at least one record of a criminal or traffic conviction or arrest,  (d) within the two years immediately preceding the filing of this Complaint, and (e) to whom the Defendants did not send a 1681k(a)(1) notice on the same day it furnished a consumer report to any third-party. Excluded from the class definition are any employees, officers, directors of E-Verifile, Sterling any attorney appearing in this case, and any judge assigned to hear this action.

66.     **Numerosity.  Fed. R. Civ. P. 23(a)(1).** Upon information and belief, Plaintiff alleges that the 1681k Class is so numerous that joinder of the claims of all class members is impractical. Plaintiff estimates that the 1681k Class is comprised of potentially hundreds if not thousands of consumers. E-Verifile and Sterling operate as national consumer reporting agencies and, upon information and belief, provides thousands of consumer reports for employment purposes each year. The names and addresses of the class members are identifiable through documents maintained by E-Verifile and Sterling and the class members may be notified of the pendency of this action by published and/or mailed notice.

67.     **Existence and Predominance of Common Questions of Law and Fact.  Fed. R. Civ. P. 23(a)(2).**  There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  For example, and without limitation, the focus of the litigation will be: (a) whether E-Verifile and Sterling sent the required notices; (b) whether E-Verifile and Sterling sent the required notices at the time the consumer reports were furnished to any user; (c) whether the content of E-Verifile and Sterling's 1681k(a)(1) notices comply with the requirements of 1681k(a)(1); (d) whether E-Verifile and Sterling's conduct constituted a violation of the FCRA; (e) whether E-Verifile and Sterling acted willfully in its failure to design and implement procedures to assure compliance with 1681k(a)(1); and (f) the appropriate amount of statutory and/or punitive damages that are appropriate for such a violation.

68.     **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of those of the class members.  All are based on the same facts and legal theories. E-Verifile and Sterling use common practices and automated systems in committing the conduct that Plaintiff alleges injured her and the Class. E-Verifile and Sterling routinely failed to notify consumers when they provided a consumer report for an employment purpose containing public record information likely to have an adverse effect upon the consumer's ability to obtain employment during the full class period. Plaintiff seeks statutory and punitive damages for the class claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the 1681k Class. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Plaintiff's claims rise or fall.

69.     **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff's interests coincide with and are not antagonistic to the class members' interests. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative classes and has accepted such responsibilities.

70.     **Superiority.  Fed. R. Civ. P. 23(b)(3).**  Questions of law and fact common to the 1681k Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by E-Verifile and Sterling's conduct.  It would be virtually impossible for the members of the 1681k Class individually to redress effectively the wrongs done to them.

Even if the members of the 1681k Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by E-Verifile and Sterling's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

71.     Further, the Court is able to certify a liability-only class pursuant to Fed. R. Civ. P. 23(c)(4).

72.     **Injunctive Relief Appropriate for the Class.  Fed. R. Civ. P. 23(b)(2).** Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

73.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that E-Verifile and Sterling has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

74.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.      As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual

damages issues.   Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

       b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.   Further, most consumers affected by E-Verifile and Sterling's FCRA violations would likely be unaware of their rights under the law, or of whom could represent them in federal litigation.  Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources as it increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by E-Verifile and Sterling's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case. The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law as for every similarly situated consumer.

75.    E-Verifile and Sterling's failure to timely provide the required FCRA notices to Plaintiff and the putative class members violated 15 U.S.C. § 1681k(a)(1).

76.    The conduct, actions, and inaction of E-Verifile and Sterling were willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77.    Plaintiff and other members of the 1681k Class are entitled to recover costs and

attorney's fees as well as appropriate equitable relief from E-Verifile and Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78. As a result of these FCRA violations, E-Verifile and Sterling are liable to Plaintiff and to each 1681k Class Member, for statutory damages from $100 to $1,000, punitive damages, and for their attorney's fees and costs.

## COUNT II: VIOLATION OF 15 U.S.C. § 1681b(b)(3)
### Class Claim against E-Verifile

79. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

80. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "E-Verifile 1681b Class") defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) within the two years immediately preceding the filing of this Complaint; (a) who authorized E-Verifile to obtain a consumer report for an employment purpose; (b) where E-Verifile adjudicated such person's consumer report for RAILSAFE eligibility; (c) such consumer report included information that met at least one of e-Railsafe's criteria for denial of access to any railroad properties; (d) E-Verifile failed to provide such person with a copy of their e-Verifile consumer report and a description in writing of the rights of such person under 1681g(c)(3) before it mailed, or otherwise sent, E-Verifile's written adverse action notice to such person.

81. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The class members are so numerous that joinder of all is impractical. Plaintiff estimates that the E-Verifile 1681b Class is comprised of potentially hundreds if not thousands of consumers. The names and addresses of the E-Verifile 1681b Class members are identifiable through documents maintained by E-Verifile and the E-Verifile 1681b Class members may be notified of the pendency of this action by published and/or mailed notice.

16

82.      **Existence and Predominance of Common Questions of Law and Fact.  Fed. R. Civ. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the E-Verifile 1681b Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether E-Verifile provided the required 1681b(b)(3) documents to the applicant or employee prior to taking adverse action against the applicant or employee based on the results thereof; (b) whether E-Verifile's conduct violated the FCRA; and (c) whether E-Verifile  acted knowingly and intentionally or with conscious disregard of the rights of the consumers.

83.      **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each E-Verifile 1681b Class member and all are based on the same facts and legal theories. Upon information and belief, it is E-Verifile's standard practice to obtain and rely on consumer reports for employment purposes using such consumer reports to take adverse action against applicants or employees, without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report before taking the adverse action. In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the E-Verifile 1681b Class.

84.      **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff will fairly and adequately protect the interests of the E-Verifile 1681b Class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

85.      **Superiority.  Fed. R. Civ. P. 23(b)(3).**  Questions of law and fact common to the

E-Verifile 1681b Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.   The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by E-Verifile's conduct.  It would be virtually impossible for the members of the E-Verifile 1681b Class, individually, to redress effectively the wrongs done to them. Even if the members of the E-Verifile 1681b Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by E-Verifile's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

86.     Further, the Court is able to certify a liability-only class pursuant to Fed. R. Civ. P. 23(c)(4).

87.     **Injunctive Relief Appropriate for the Class.   Fed. R. Civ. P. 23(b)(2).** Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

88.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that E-Verifile has acted on grounds generally applicable to the class

thereby making appropriate declaratory relief with respect to the class as a whole.

89.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.  As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by E-Verifile's FCRA violations would likely be unaware of their rights under the law, or of whom could represent them in federal litigation.  Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources as it increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by E-Verifile's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case. The issues at the core of this case are class wide and should be resolved at one time. A win for one consumer would set the law as for every similarly situated

consumer.

90.     E-Verifile's failure to timely provide the required FCRA notices to Plaintiff and the putative class members violated 15 U.S.C. § 1681b(b)(3).

91.     The conduct, actions, and inaction of E-Verifile were willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92.     Plaintiff and other members of the E-Verifile 1681b Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from E-Verifile in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

93.     As a result of these FCRA violations, E-Verifile is liable to Plaintiff and to each e-Verifile 1681b Class Member, for statutory damages from $100 to $1,000, punitive damages, and for their attorney's fees and costs.

## COUNT III: Violation of 15 U.S.C § 1681e(b)
### Individual Claim against E-Verifile and Sterling

94.     Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

95.     E-Verifile and Sterling violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report they furnished regarding Plaintiff.

96.     E-Verifile and Sterling furnished a consumer report for an employment purpose containing an objectively incorrect felony conviction.

97.     As a result of this conduct by E-Verifile and Sterling, Plaintiff suffered actual damages.

98.     E-Verifile and Sterling's violations of 15 U.S.C. §1681e(b) were willful,

rendering E-Verifile and Sterling liable pursuant to 15 U.S.C. §1681n.  In the alternative, E-Verifile and Sterling were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

99.     Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from E-Verifile and Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff, Tiffany Smith, requests the following relief:

A.  That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

B.  That judgment be entered for the 1681k Class and E-Verifile 1681b Class against Defendants for statutory and punitive damages for their violations of 15 U.S.C. §1681k and 15 U.S.C. §1681b and, pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C.  That judgment be entered for Plaintiff individually against E-Verifile and Sterling for actual, statutory and punitive damages for their violations of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D.  That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E.  That the Court grant such other and further relief, including equitable and injunctive relief, as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues against Defendants.

Respectfully submitted,

O'TOOLE, McLAUGHLIN, DOOLEY
& PECORA CO., LPA.

By:      /s/ Matthew A. Dooley
         Matthew A. Dooley (0081482)
         Anthony R. Pecora (0069660)
         Stephen M. Bosak (0092443)
         5455 Detroit Road
         Sheffield Village, Ohio  44054
         Telephone:    (440) 930-4001
         Facsimile:    (440) 934-7208
         Email:        mdooley@omdplaw.com
                       apecora@omdplaw.com
                       sbosak@omdplaw.com

         John C. Bazaz*
         LAW OFFICES OF JOHN C. BAZAZ, PLC
         4000 Legato Road,
         Suite 1100
         Fairfax, Virginia 22033
         Telephone:    (703) 272-8455
         Facsimile:    (703) 596-4555
         Email:        jbazaz@bazazlaw.com

         *Counsel for Tiffany Smith and the putative class*


         *Pro Hac Admission to be filed*