UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Tiffany Smith, et al., | ) | CASE NO. 1:16 CV 714 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Sterling Infosystems-Ohio, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant e-Verifile.com, Inc.'s Motion to Dismiss Counts I and II of Plaintiff's First Amended Complaint (Doc. 40).  Also pending is the Sterling Defendants' Motion to Dismiss First Amended Complaint in Part and to Strike Class Allegations (Doc. 43).  This case aries under the Fair Credit Reporting Act ("FCRA").  For the reasons that follow, defendant eVerifile.com, Inc.'s motion is DENIED and the Sterling defendants' motion is  GRANTED in PART and DENIED in PART.  The Court finds that count one fails to state a

1

claim for a willful violation of Section 1681k(a).  The motion is DENIED in all other respects.

**FACTS**

Plaintiff, Tiffany Smith, brings this class action against defendants, Sterling Infosystems-Ohio, Inc., Sterling Infosystems, Inc., (collectively, "Sterling") and e-Verifile.com, Inc. ("e-Verifile"), alleging wrongdoing in connection with a background check furnished in conjunction with plaintiff's application for employment.

Plaintiff applied for employment with Annapolis Junction Rail Solutions, LLC ("Annapolis"). As part of the application process, plaintiff was required to sign a written consent form agreeing to the procurement of a consumer report containing a background check through e-Verifile.  On or about March 28, 2014, plaintiff was hired conditioned upon the background check.  Annapolis submits its employment applications for qualification and approval through North American Rail Solutions, LLC ("NARS") and CSX Transportation, Inc. ("CSX").  These companies in turn use defendant e-Verifile to produce and obtain a consumer report concerning plaintiff and then determine whether she is eligible for employment within the CSX and NARS system. E-Verifile purchased a consumer report from Sterling.

On April 11, 2014, Annapolis received a notice from e-Verifile regarding plaintiff's background check.  The notice indicated that plaintiff was ineligible for employment because she had been convicted of a felony in the past seven years.  Plaintiff alleges that the information contained in the report is false.  At no point did any defendant notify plaintiff that it provided a consumer report that contained information likely to result in an adverse action.  As a result of the information contained in the report, plaintiff was terminated from employment.

Thereafter, plaintiff brought this class action lawsuit asserting three claims for relief.

Count one is a claim for violation of 15 U.S.C. § 1681k(a) and is filed against all defendants. Count two is a claim for violation of 15 U.S.C. § 1681b(b)(3) and is filed against defendant e-Verifile only. Count three is an individual claim for violation of 15 U.S.C. § 1681e(b) and is asserted against both defendants.

Defendant e-Verifile moves to dismiss counts one and two. Defendant Sterling moves to dismiss the complaint to the extent it purports to allege willful violations in counts one and three. Defendant Sterling also moves to strike the class allegations on the grounds that the class lacks Article III standing based on the Supreme Court's recent decision in *Spokeo, Inc. V. Robins*, 136 S.Ct. 1540 (2016). Plaintiff opposes both motions.

**STANDARD OF REVIEW**

Rule 12(b)(6)

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899

F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

Rule 12(b)(1)

"Whether subject matter jurisdiction exists is a threshold determination the Court must make before proceeding further." *Ggnsc Stanford, LLC v. Gilliam,* 2016 WL 4700135  (E.D. Ky. Sept. 7, 2016) (citing *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Hutchins v. Laferte*, 2016 WL 4534029 (W.D. Ky. Aug. 25, 2016) (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).  Here, defendant asserts a facial attack and, therefore, the Court will accept the truth of the allegations

set forth in the complaint.

### ANALYSIS

1.  e-Verifile's motion to dismiss/Sterling's motion to strike

e-Verifile argues that counts one and two should be dismissed because the absent class members lack standing to assert their claims.  According to this defendant, the class definition is too broad and encompasses individuals who have not suffered an "injury in fact."  e-Verifile, however, concedes that plaintiff herself "satisfies the requirement for Article III standing."  In response, plaintiff argues that she need not establish standing on behalf of the absent class members.  Rather, the fact that she unquestionably has standing is sufficient to invoke this Court's jurisdiction.  Upon review, the Court agrees.  Defendant e-Verifile essentially asks the Court to dismiss the claims of the absent class members due to lack of standing.  This is not the proper analysis.  *See, Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 422-23 (6th Cir. 1998)("Once [plaintiff's] standing is established, whether [plaintiff] will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in [Fed.R.Civ.Pro. 23(a)]."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2nd Cir. 2012)(whether "class standing" exists does not turn on whether plaintiff has Article III standing to assert claims; rather the analysis is more properly performed under Rule 23).  As such, whether plaintiff can represent absent class members is more properly analyzed under Rule 23.  Accordingly, the claims will not be dismissed for lack of standing and defendant eVerifile's motion to dismiss is DENIED.

Sterling, however, recognizes that dismissal for lack of standing is improper.  As such, Sterling requests that the Court strike the allegations instead.  According to Sterling, the class is

broadly defined and because many of the class members lack standing, the Court cannot certify the class.  Sterling claims that the class members lack standing under the Supreme Court's recent decision in *Spokeo*, 136 S.Ct. at 1549.  Because no amount of discovery will cure this defect, the Court should strike the class claims now.  In response, plaintiff argues that it is not proper to strike the class allegations at this point.  Plaintiff further claims that Sterling improperly focuses on standing alone.  Because plaintiff need not establish standing with respect to absent class members, striking the class allegations is improper.  Plaintiff also argues that even if she is required to establish standing for class members, she has done so.  According to plaintiff, the class members suffered an "informational" injury which is sufficient to confer Article III standing under *Spokeo*.

Upon review, the Court agrees with plaintiff.  Courts routinely struggle with concepts of "standing" as they pertain to absent class members.  Although the general rule is that a plaintiff need not establish standing with respect to absent class members for purposes of Article III, it is not entirely clear what impact this principle has with regard to class certification.  By way of example, the Eighth and Second Circuits have held that "although federal courts do not require that each member of a class submit evidence of personal standing, a class cannot be certified if it contains members who lack standing."  *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010); *Denney v. Deutsche Bank AG*, 443 F.3d 253 (2nd Cir. 2006)("the class must therefore be defined in such a way that anyone within it would have standing").  These holdings imply that provided a movant can establish that some class members lack standing, the class claims must be stricken.

On the other hand, the Third Circuit held that the focus is not standing at all. Rather, the

inquiry is limited solely to Rule 23 concerns. *See, Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353 (2nd Cir. 2015). *Neale* pointed out that it was not clear whether *Avritt* based its holding on Article III or Rule 23. Ultimately, *Neale* held that "requiring Article III standing of absent class members is inconsistent with the nature of an action under Rule 23.*" Id. Citing Kohen v. Pac. Inv. Mgmt. Co., LLC*, 571 F.3d 672, 677 (7th Cir. 2009)("a class will often include persons who have not been injured by defendant's conduct; indeed this is almost inevitable because at the outset of the case many of the members of the class may be unknown").

Although not cited by any party, the Sixth Circuit expressly ruled that once the representative plaintiff establishes standing, whether she "will be able to represent the putative class, including absent class members, depends *solely* on whether she is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure." *See, Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 422-23 (6th Cir. 1998)(emphasis added). As noted above, the parties do not dispute that plaintiff possesses standing to represent the class. Thus, in order to satisfy *Fallcik*, the Court must conduct a "rigorous" analysis under Rule 23 to ascertain whether plaintiff can represent the class. Sterling's analysis–although purporting to recognize that concepts of Article III and Rule 23 are different– fails in any way to engage in a Rule 23 analysis. Rather, Sterling simply claims that the absent class members lack standing under *Spokeo* and, therefore, the class claims should be stricken. Although the Court has some doubt as to whether many of the class members would have standing in their own right, the Court finds that it is not proper to strike the class claims at this time. Absent any analysis of Rule 23, the Court finds that it cannot assess whether the "standing" issue renders certification improper. This is especially so in that courts around the country struggle with how to address

the principles underlying standing in connection with a Rule 23 analysis. *See, e.g., Sandoval v. Pharamcare, US, Inc.*, 2016 WL 3554919 (S.D. Cal. June 10, 2016)(noting that standing concerns in the context of class certification can be characterized as problems with overbreadth, commonality, typicality, or Article III standing).  Because Sterling did not tie its "standing" argument to the Rule 23 factors, the Court denies Sterling's motion to strike.[1]

    2.    Sterling's motion to dismiss

Sterling moves to dismiss the claims in the complaint to the extent they seek damages for willful violations of the statute.  According to Sterling, the question of whether a federal statutory violation is willful is a question of law that is appropriately addressed via a Rule 12(b) motion to dismiss.  Sterling argues that plaintiff's allegations of willfulness are conclusory and improperly lump the defendants together.  Plaintiff responds that she need not plead willfulness with any degree of specificity.  Plaintiff further alleges that whether defendants acted willfully cannot be decided at this stage in the litigation.  Regardless, even if the Court considers the argument, plaintiff sufficiently alleges willfulness.

The parties agree that a willful violation of the FCRA requires plaintiff to establish that defendant's conduct was either intentional or reckless. *Safeco Ins. Co. of America v. Burr*, 551

---

[1] Sterling does mention that courts in this jurisdiction have concluded that overbroad class definitions are "problematic."  The Court agrees with these general statements, but notes that the courts went on to assess the Rule 23 factors. *See, e.g., Anderson v. United Financial Systems, Corp.*, 281 F.R.D. 292 (N.D. Ohio 2012). *Pilgrim*, 2010 WL 1254849 at * 2. (going on to assess Rule 23's factors after noting that "overbreadth of the class may not be in itself fatal"); *Chaz Concrete Co., LLC v. Codell*, 2006 WL 2453302 (E.D Ky. Aug. 23, 2006)(denying class certification motion after assessing Rule 23's factors).

U.S. 47, 69 (2007).  It appears that Sterling's attack on the sufficiency of the willfulness allegations is two-pronged.  First, Sterling asserts that plaintiff's willfulness allegations are insufficient as to count one because plaintiff asserts an interpretation of the statute that no Court has accepted.  As such, even assuming Sterling failed to take the actions as alleged, any such failure cannot be willful as a matter of law.  With regard to count three, Sterling claims that plaintiff simply fails to satisfy the pleading standards required to allege willfulness.

As to count one, the Court agrees with Sterling.  Count one asserts a violation of 15 U.S.C. § 1681k(a), which provides:

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall–
>
> > (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
> >
> > (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

Plaintiff points to the following allegations as sufficiently alleging a willful violation of this section:

- Sterling never gave plaintiff and class members notice that it was reporting adverse public information (Compl. ¶¶ 25, 41, 57);

- "Sterling did not follow the option available under 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of the public records information (e.g., the clerk of court) and to do so immediately before furnishing a report which includes such information."

      (Compl. ¶ 62);

- The records defendants obtain are incomplete in that defendants do not obtain the "full criminal or traffic file or all of the consumers' personal identifiers in the file." (Compl. ¶ 63);

- Because of the aforementioned allegations, defendants cannot rely on 15 U.S.C. § 1681k(a)(2).  (Compl. ¶ 64);

- Sterling's procedures and conduct were intentional and not the result of accidents or mistakes.  (Compl. ¶ 78);

- Sterling is aware of its obligations under the FCRA.  (Compl. ¶ 79);

- Sterling obtained substantial written materials informing it of its FCRA obligations.(Compl. ¶ 80);

- Sterling acted willfully (Compl. ¶¶ 81, 83); and

- Sterling's conduct was consistent with their established and systematically executed procedures.  (Compl. ¶ 82).

Defendant argues that no court has ever required a reporting agency to "actually contact the original source of the public records information (e.g., the clerk of court) and to do so immediately before furnishing a report which includes such information" in order to comply with Section 1681k(a)(2).  Thus, in the event the Court ultimately accepts plaintiff's argument that defendant should have taken such action in order to comply with Section 1681k(a)(2), the failure to do so cannot be willful as Sterling reasonably interpreted the statute as not requiring such actions.  In response, plaintiff claims this case does not contain an issue of first impression.  As such, the Court need only analyze the sufficiency of the allegations.

Upon review, the Court agrees with defendant.  In *Long v. Tommy Hilfiger, U.S.A., Inc.*, 671 F.3d 371 (3rd Cir. 2012), the court addressed whether the willfulness component of an FCRA claim can be met based on an erroneous interpretation of a statute.  There, the court noted

10

that because defendant's "interpretation of the statute is not 'objectively unreasonable' ... [plaintiff] has not stated a claim for a willful violation of FACTA." *Id*. at 377. As such, the district court properly dismissed the claim. Here, Sterling argues that its interpretation of 15 U.S.C. § 1681k(a)(2) is not objectively unreasonable. In other words, it claims that because it objectively believed that it need not contact the Clerk of Court in order to satisfy Section 1681k(a)(2), it could not have willfully violated that provision. The Court agrees. Plaintiff expressly alleges that Section 1681k(a)(2) can only be relied upon to avoid the notice requirements of Section 1681k(a)(1) if a consumer agency contacts "the original source of the public records information (e.g., the clerk of court) immediately before furnishing a report which includes such information" *or* obtains "the full criminal or traffic file or all of the consumers' personal identifiers in the file." (Compl. ¶ 62-64). These specific requirements, however, do not appear on the face of 15 U.S.C. § 1681k(a)(2) and plaintiff provides the Court with no case law interpreting the provision as requiring these precise activities. Thus, the Court finds that even if it were to ultimately read the statute as urged by plaintiff, Sterling's interpretation that those specific actions were *not* required is objectively reasonable. Therefore, plaintiff does not allege a willful violation of 15 U.S.C. § 1681k. This is so even if plaintiff sufficiently alleges that Sterling willfully failed to send notice as the statute is violated only if Sterling fails to comply with both 15 U.S.C. § 1681k(a)(1) and 15 U.S.C. § 1681k(a)(2).

In count three, plaintiff alleges an individual claim based on a violation of 15 U.S.C. § 1681e(b), which provides:

> (b) Accuracy of report
>
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information

11

concerning the individual about whom the report relates.

Plaintiff asserts the following in connection with this claim:

- Sterling furnished a report that inaccurately stated that plaintiff was a convicted felon.  (Compl. ¶ 73);

- In furnishing the inaccurate report, Sterling failed to follow reasonable procedures to assure maximum possible accuracy of the information.  (Compl. ¶ 74);

- Sterling's conduct was willful.  (Compl. ¶ 76);

- As a matter of practice, Sterling regularly and consistently fails to establish or follow reasonable procedures to assure maximum possible accuracy of the information.  (Compl. ¶ 77);

- Sterling's procedures and conduct were carried out as intended and do not amount to accidents or mistakes.  (Compl. ¶ 78);

- Sterling is aware of its legal obligations under the FCRA and has obtained substantial written information regarding its duties.  (Compl. ¶¶ 79, 80);

- Despite these obligations, Sterling acted consciously and willfully in breaching its obligations.  (Compl. ¶ 81); and

- Sterling's conduct is consistent with it established and systematically executed procedures.  (Compl. ¶ 82).

Upon review, the Court finds that these allegations are sufficient to allege a willful violation of 15 U.S.C. § 1681e(b).  Plaintiff alleges that Sterling knew of its obligations under the FCRA and possessed materials outlining those obligations.  Nonetheless, Sterling "failed to follow reasonable procedures to assure maximum possible accuracy of the information" as required by 15 U.S.C. § 1681e(b).  Sterling further avers that the procedures were carried out intentionally and were not accidents or mistakes and that Sterling's conduct is consistent with its established and systematically executed procedures.  On the whole, the Court finds that these factual allegations are sufficient to allege that Sterling knew of its obligations, yet routinely

disregarded them.  This in turn is sufficient to allege that Sterling acted at least recklessly and, as such, plaintiff alleges a willful violation of the statute.  Accordingly, the Court finds that plaintiff states a claim for a willful violation of 15 U.S.C. § 1681e(b).

### **CONCLUSION**

For the foregoing reasons, defendant eVerifile.com, Inc.'s motion is DENIED and the Sterling defendants' motion is GRANTED in PART and DENIED in PART.  The Court finds that count one fails to state a claim for a willful violation of Section 1681k(a).  The motion is DENIED in all other respects.

IT IS SO ORDERED.


                                               /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 10/19/16