# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **TIFFANY SMITH**, *on behalf of herself and all other similarly situated*, | |
| Plaintiff, | CASE NO. 1:16-cv-714 |
| v. | JUDGE PATRICIA A. GAUGHAN |
| **STERLING INFOSYSTEMS-OHIO, INC., STERLING INFOSYSTEMS, INC., and E-VERIFILE.COM, INC.** | |
| Defendants. | |

## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Now comes the Named Plaintiff, Tiffany Smith, by and through counsel, and hereby moves the Court pursuant to Fed. R. Civ. P. 23 for preliminary approval of the class settlement, certification of a class for the purposes of settlement, and approval of form and manner of notice. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/* Matthew A. Dooley
Matthew A. Dooley
Anthony R. Pecora
Stephen M. Bosak
O'TOOLE MCLAUGHLIN DOOLEY & PECORA, CO. LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Email: mdooley@omdplaw.com
         apecora@omdplaw.com
         sbosak@omdplaw.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC

4000 Legato Road, Suite 1100
Fairfax, Virginia 22033
Email: jbazaz@bazazlaw.com

Leonard A. Bennett
Craig C. Marchiando
Susan M. Rotkis
CONSUMER LITIGATION
ASSOCIATES, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
Email: lenbennett@clalegal.com
        srotkis@clalegal.com
        craig@clalegal.com

*Attorneys for Plaintiff Tiffany Smith*

## MEMORANDUM IN SUPPORT[1]

### I.    INTRODUCTION

Defendant e-Verifile.com, Inc. ("Defendant" or "e-Verifile") is a nationwide provider of consumer reports, including criminal background checks. One of the company's product is a background report tailored for its railroad client called an e-RAILSAFE report which is a background screening program that is designed to serve "Class 1 Railroads" with operations in the United States. E-Verifile markets e-RAILSAFE reports as complaint with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

Plaintiff has alleged that e-Verifile has violated the FCRA by failing to 1) provide certain consumers with copies of their consumer reports prior to delivering reports to their prospective employers, and 2) follow reasonable procedures to ensure the maximum possible accuracy of those reports. E-Verifile denies these allegations, and maintain that it complied with the FCRA at all times.  After more than a year of litigation, motion practice that was briefed and argued, a full day mediation under this Court, the parties have come to a resolution of this case.  A discussion of the litigation and the reasons for approval of the settlement follows.

### II.    PROCEDURAL HISTORY

On March 22, 2016, Plaintiff filed suit against Sterling Infosystems-Ohio, Inc., Sterling Infosystems, Inc. (collectively "Sterling") and e-Verifile.com, Inc. ("Defendant" or "e-Verifile") on behalf of herself and all other similarly situated individuals alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a-1681x. (Doc. 1)

---

[1]All defined terms shall have the same meanings used in the Settlement Agreement and Release attached hereto as Exhibit 1.

On June 27, 2016, Plaintiff filed her First Amended Complaint. (Doc. 26)

On October 19. 2016, the class allegations asserted against Sterling were dismissed leaving only class claims against e-Verifile for FCRA violations. (Doc. 52) Sterling and e-Verifile separately settled Tiffany Smith's individual claims for violation of 15 U.S.C. § 1681e(b).

## III.    PLAINTIFF'S CLAIMS

The FCRA is a consumer protection statute that requires CRAs to "adopt reasonable procedures for meeting the needs of commerce for consumer … information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…." 15 U.S.C. §1681(b). Plaintiff alleges that e-Verifile violated the FCRA in two ways. First, Plaintiff alleges that e-Verifile violated 15 U.S.C. §1681k(a)(1), a provision requiring e-Verifile to notify consumers "at the time" it furnishes and sells a consumer report to an employer. Second, Plaintiff alleges that e-Verifile violated 15 U.S.C. §1681b(b)(3), a provision requiring e-Verifile to provide applicants a copy of their e-RAILSAFE report and/or written summary of rights before adjudicating them as ineligible for employment. E-Verifile denies these allegations, and maintains that it complied with the FCRA.

The primary remedy sought by Plaintiff on a class basis was a statutory damage award permitted between $100 and $1,000 upon proof of a willful FCRA violation. 15 U.S.C. § 1681n.

## IV.    THE PROPOSED SETTLEMENT

Following motion practice and discovery proceedings, the Parties discussed the feasibility of mediation as a means to resolve the litigation. The Parties sought the assistance of this Court to mediate this case. On February 7, 2017, the parties mediated this Action in front of Judge Gaughan and ultimately reached an agreement.

Plaintiff believes her claims have merit and that if the case did not settle she would prevail

at trial.  E-Verifile takes the opposite view.  Regardless, it is understood that if the case proceeded to trial and Plaintiff failed to prove that E-Verifile willfully violated the FCRA, her claims on behalf of the Settlement Class would fail, and she, along with any potential class member, would not be entitled to *any* monetary relief.  But, if Plaintiff did prevail at trial, then she and any potential class member could seek to recover statutory damages between $100.00 and $1000.00, plus attorneys' fees and potentially punitive damages under the FCRA.

Considering the uncertain outcome and the risk of further litigation, the Settling Parties entered into the Settlement Agreement and Release.

The settlement provides for cash disbursements to Settlement Class members, a *cy pres* trust, and an attorneys' fee within the acceptable range for matters of this type.  The salient terms are as follows:

- E-Verifile agrees to pay a total one hundred and fifty-six thousand dollars ($156,000) (the "Settlement Fund"), from which the following payments to Class Members shall be made after an equal pro rata share after payment of attorney fees have been deducted:

  - Notice Class Members (approximately 756 members) – For applicants who were the subject of an e-RAILSAFE report that contained a record of criminal or traffic arrest or conviction or other criminal history and Defendant's records show were not mailed a copy of a notice pursuant to 15 U.S.C. § 1681k(a)(1) between March 21, 2014 and March 21, 2016, a gross settlement amount of up to **$75.00**.

  - PAAN Class Members (approximately 1,129 members) – For applicants who were adjudicated as ineligible for employment by Defendant as a result of an e-RAILSAFE report and were not given a copy of the report and/or written summary of rights during the period of March 21, 2014 through March 21, 2016, a gross amount of up to **$418.95**.

- E-Verifile does not oppose a petition for attorney fees and reimbursed costs in an amount not to exceed one-third of the Settlement Fund;

- No portion of the Settlement Fund will revert to E-Verifile;

- E-Verifile shall pay up to $5,000.00 towards the following: (i) notice and

administration costs, (ii) payments to the Settlement Class Members; and (iii) payments to Class Counsel for Attorneys' Fees; and

- The sum of all uncashed checks shall be disbursed to a Court approved *cy pres* beneficiary.

## V.    CLASS CERTIFICATION

Federal Rule of Civil Procedure 23(a) requires that in order for a class action to proceed it must be demonstrated that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

The Court must also find that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed R. Civ. P. 23(b)(3); *Eisen v. Carlisle Jacquelin*, 417 U.S. 156 (1974).

The ultimate merits of Smith's case are immaterial for purposes of certifying a settlement class so long as the settlement is fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(2); *see, e.g.*, *Olden v. Gardner*, 294 F. App'x 210, 217 (6th Cir. 2008).  Regardless, the Court should resolve any doubt regarding the propriety of certification of a settlement class in favor of allowing certification. *Lozada v. Dale Baker Oldsmobile, Inc.*, 197 F.R.D. 321, 327 (W.D. Mich. 2000) (citing *Cross v. Nat'l Trust Life Ins. Co*., 553 F.2d 1026, 1029 (6th Cir. 1977)).

Further, "[t]he procedural device of a Rule 23(b)(3) class action was designed not solely as a means for assuring legal assistance in the vindication of small claims but, rather, to achieve the economies of time, effort, and expense."  *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1196 (6th Cir. 1988). District courts must conduct a "rigorous analysis" into whether the

6

prerequisites of Rule 23 are met before certifying a class.  *General Telephone Co. v. Falcon,* 457 U.S. 147, 161 (1982).  While the Court must conduct a rigorous analysis as to whether the standards of Rule 23 are met, the elements of typicality, commonality, and adequacy of representation tend to merge.  *E.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 n.5 (2011).

### A.    Numerosity

Civil Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see Violette v. P. A. Days, Inc.*, 214 F.R.D. 207, 212 (S.D. Ohio 2003).  However, "impracticable does not mean impossible."  *Rabidoux v. Celani,* 987 F.2d 931, 935 (2d Cir. 1993).  There is no set minimum number of potential class members that fulfills the numerosity requirement.  *See, e.g.*, *Miller v. Univ. of Cincinnati*, 241 F.R.D. 285, 288 (S.D. Ohio 2006).

At this time, the Settling Parties estimate that the Settlement Class consists of approximately 4,879 applicants who were the subject of one or more e-RAILSAFE report furnished by e-Verifile between March 21, 2014 and March 21, 2016.  The sheer size of this class is sufficiently large to determine that numerosity has been satisfied and joinder of these Settlement Class members' claims is not possible.

### B.    Common Questions of Law or Fact

Civil Rule 23(a)(2) requires that there be at least one question of law or fact common to the members of the class.  *In re American Med. Sys.,* 75 F.3d 1069, 1080 (6th Cir. 1996).  The class must present dispositive common questions that will propel the case through the system. *Powers v. Hamilton Cnty. Pub. Defenders Comm'n.*, 501 F.3d 592, 619 (6th Cir.2007) ("The predominance requirement is met if this common question is at the heart of the litigation.") The

typicality and commonality requirements ensure that only those plaintiffs who can advance the same factual and legal arguments will be grouped together as a class. *See Sprague v. General Motors Corp.,* 133 F.3d 388, 399 (6th Cir. 1998) ("The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class.")

Here, the Settlement Class consists of individuals who were the subject of an e-RAILSAFE report furnished by e-Verifile to evaluate eligibility for employment but failed to contemporaneously notify them that a criminal record was being sent to a prospective employer. Each of these Settlement Class members were entitled to notices under 15 U.S.C. § 1681k(a)(1) and in some cases the additional pre-adverse action notices mandated by § 1681b(b)(3). The Settlement Class members' claims share predominant questions of law judged against common facts, all of which predominate over individual issues.

### C.     Typical Claims

Civil Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class.  The typicality requirement tends to merge with the commonality requirement.  *E.g.*, *Falcon*, 457 U.S. at 158, n.13.  Nonetheless, the typicality requirement remains its own separate inquiry, and a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.  *Calloway v. Caraco Pharmaceutical Laboratories, Ltd.*, 287 F.R.D. 402, 407 (E.D. Mich. 2012) (citing *Falcon*, 457 U.S. at 156; *Sprague*, 133 F.3d at 399 (This third prerequisite is satisfied when "the representative's interests [are] aligned with those of the represented group, and in pursing his own claims, the named plaintiff will also advance the interests of the class members.")).

The typicality requirement is met if a claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are

8

based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quotation marks omitted) (quoting *American Med. Sys.*, 75 F.3d at 1082).

The scope of Plaintiff's claims here is coextensive with the one of the Settlement Class members. Moreover, the Plaintiff's interests are squarely aligned with the Settlement Class.  In particular, Plaintiff's claims arise out of the exact same practices presented in the class allegations of her first amended complaint.  Plaintiff does not seek to pursue claims beyond those specifically addressed by the class settlement, and seeks the same remedy offered by the proposed Settlement.

Specifically, the Settlement addresses claims arising out of the alleged failure of the e-Verifile to provide proper notice to the class members of the content of their consumer files and its effect on their employment prospects.  These are the precise claims presented by Smith in this case, and therefore, Plaintiff's claims are typical of the common claims held by the class. Rule 23's commonality requirement has therefore been met as to the Settlement Class to be certified.

### D.    Adequate Representation

The final component of Rule 23(a) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "Adequate representation" invokes two inquiries: (1) whether the class counsel are "qualified, experienced and generally able to conduct the litigation" and (2) whether the named plaintiffs themselves are capable of advancing the class claims or have interests that are "antagonistic" to the other class members. *See Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000).  A class representative must be part of the class and possess the same interest and suffer the same injury as the class members.  *East Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citations omitted); *American Med. Sys.*, 75 F.3d at 1083 ("The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to

pursue the claims of the other class members.")The underlying premise of a class action is that litigation by representative parties adjudicates the rights of all class members, and therefore, basic due process requires that named plaintiffs possess undivided loyalties to absent class members. *Id.* ("Rule 23(a)(4) allows certification only if the representative parties will fairly and adequately protect the interests of the class. This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members.") (citations and internal quotations omitted).  Representation will be considered adequate if the class representative does not possess interests antagonistic to the rest of the class.  *Stout*, 228 F.3d at 717 ("The court reviews the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another.")

Plaintiff understands and accepts her responsibilities as class representative and has no interests that are adverse to the Class Members.  Further, Plaintiff and the Settlement Class members sought uniform statutory damages as the result of e-Verifile's alleged violations of the FCRA.  There is no potential for conflicting interests in this action; there is no disagreement between Plaintiff's interests and those of the Settlement Class members.

At the same time, Class Counsel are experienced in class action litigation and are competent to represent the interests of the Class.  *See White v. CRST, Inc*., Case No. 1:11-cv-2615 (N.D. Ohio); *Hall v. Vitran Express, Inc*., Case No. 1:09-cv-00800 (N.D. Ohio) (approved as Class Counsel in a nationwide class action under the FCRA); *Ryals v. HireRight Solutions, Inc*., *et al,* Case No. 3:09-CV-625 (E.D. Va.) (same); *Smith v. New England Motor Freight, Inc.,* Case No. 2:12-CV-03559 (N.J.D) (same); *Roe, et al. v. Intellicorp Records, Inc., et al.,* Case No. 1:12-CV-02288 (N.D. Ohio) (same); *Avery v. Boyd Bros. Transportation*, Case No. 4:13-CV-00579 (W.D.

10

Missouri) (same); *Smith v. ResCare¸* Case No. 3:13-CV-5211 (S.D. W. Va.) (same); *Henderson, et al. v. First Advantage,* Case No. 3:14-CV-00221 (E.D. Va.) (same); *Henderson, et al v. BackgroundChecks.com*, Case No. 3:13CV-00029 (E.D. Va.) (same).  Equally important, Class Counsel have no conflict with the Class.

### E.    Rule 23(b)(3) Factors

#### 1.    Predominance

Civil Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.  *American Med. Sys.*, 75 F.3d at 1084 ("[Rule 23](b)(3) parallels subdivision (a)(2) in that both require that common questions exist, but subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues.")  The predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997).  Even where individual issues of damages exist, those issues will not necessarily predominate over common issues where liability can be determined for the entire class.  *Olden v. LaFarge Corp.*, 383 F.3d 495, 507-508 (6th Cir. 2004).

Here, the "common nucleus of operative fact" is rooted in e-Verifile's failure to notify the Settlement Class members contemporaneously of the fact that an e-RAILSAFE report with criminal record information was being sent to a prospective employer and e-Verifile's procedure to then use those e-RAILSAFE reports to evaluate job applicants.  The process was standardized and form-driven.  The predominate issues relate exclusively to whether: (1) e-Verifile's conduct was uniform as to the Settlement Class members, and (2) the relative culpability of e-Verifile's conduct. Courts routinely certify claims that arise from standard form contracts, documents and

11

standardized conduct.[2]  This principle applies equally in the realm of FCRA class actions like this one.[3]

There are no other questions that require individual review, or that would otherwise shift the Court's focus away from this fundamental core set of common issues.

### 2. Superiority

The Court must also determine whether a class action is superior to other methods for the fair and efficient adjudication of the controversy under Fed. R. Civ. P. 23(b)(3). *Windsor*, 521 U.S. at 615 ("In adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'") (citing Advisory Committee notes for the 1966 revision of Rule 23); *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 186 (S.D. Ohio 2012) ("A matter may be certified under Rule 23(b)(3) when common issues of fact and law predominate and the class mechanism is superior to other methods of relief.")

---

[2]*See Allapattah Services, Incorporated v. Exxon Corporation*, 333 F.3d 1248, 1261 (11th Cir. 2003) (certifying breach of contract claims where "all of the dealer agreements were materially similar and Exxon purported to reduce the price of wholesale gas for all dealers"); *Smilow v. Southwestern Bell Mobile Systems*, 323 F.3d 32, 39-42 (1st Cir. 2003) (certifying breach of contract claim based on mobile phone contract and alleged breach thereof in charging for incoming calls); *Zeno v. Ford Motor Company*, 238 F.R.D. at 183; *Steinberg v. Nationwide Mutual Insurance Company*, 324 F.R.D. 67, 79 (E.D. N.Y. 2004) (certifying breach of contract claim involving materially similar automobile insurance contract and a Nationwide's common practice of taking "betterment" deductions on claims under those insurance contracts); *Winkler v. DTE, Inc.* 205 F.R.D. 235, 243 (D. Az. 2001) (certifying breach of contract claim based on standard purchase contracts of used car dealer and overcharges of official registration fees); *Kliener v. First National Bank of Atlanta,* 97 F.R.D. 683, 692 (N.D. Ga. 1983) ("claims arising from interpretations of a form contract appear to present the classic case for treatment as a class action, and breach of contract cases are routinely certified as such.") (citations omitted).

[3]*Reardon v. ClosetMaid Corp*., 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. Apr. 27, 2011); *Williams v. LexisNexis Risk Mgmt.*, 2007 U.S. Dist. LEXIS 62193 (E.D. Va. Aug. 23, 2007); *Summerfield v. Equifax Info. Services LLC*, 264 F.R.D. 133, 136 (D.N.J. 2009); *Chakejian v. Equifax Information Services*, LLC, 256 F.R.D. 492 (E.D Pa. 2009); *Perry v. FleetBoston Financial Corp*., 229 F.R.D. 105 (E.D. Pa. 2005); *Gillespie v. Equifax Info. Services, LLC*, 05 C 138, 2008 WL 4614327 (N.D. Ill. Oct. 15, 2008).

The factors to be considered in determining the superiority of the class mechanism are: (1) the interest in controlling individual prosecutions; (2) the existence of other related litigation; (3) the desirability of concentrating the litigation in the forum; and (4) manageability. *Olden v. LaFarge Corp.*, 383 F.3d 495, 507-08 (6th Cir. 2004).

Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiffs. *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625-26 (6th Cir. 2005) (quoting *Windsor*, 521 U.S. at 617). Thus, the class mechanism permits a large group of claimants to have their claims adjudicated in a single lawsuit. In so doing, certification enables the court to manage a large number of small and medium sized claims where the costs of discovery and trial could easily prevent any adjudication of those claims, and preclude any relief to the class. *See Lozada v Dale Baker Oldsmobile Inc.*, 197 F.R.D. 321, 332-33 (W.D. Mich. 2000) (citations omitted).

The amount in controversy for any individual claimant in this class is small as the range of statutory damages is between $100 and $1,000. *See* 15 U.S.C. § 1681n. When compared to the costs of discovery and litigation, this potential recovery pales in comparison. As such, individual Settlement Class members do not possess any controlling interest in the litigation. Likewise, the absence of any competing classes or other individual claims suggests that without class certification, it is unlikely that the Settlement Class members would obtain any form of relief. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 345 (7th Cir. 1997).

Because the Court is confronted with a request for settlement-only certification, it "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods.*, 521 U.S. at 620. The names and current addresses of Settlement Class members are obtainable from e-Verifile and the railroad companies it serves. Accordingly, settlement is proper

13

so long as the Court finds that the settlement overall is fair, reasonable, and adequate to the

Settlement Class members.  Fed. R. Civ. P. 23(e); *see, e.g.*, *Olden v. Gardner*, 294 F. App'x 210,

217 (6th Cir. 2008).

## PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

Finally, the Court must conclude that the proposed settlement is the product of legitimate,

good faith negotiation, such that notification of the class is justified:

> As part of Rule 23(e)'s "fairness, reasonableness, and adequacy" inquiry the court
> must first determine whether the terms of the proposed settlement warrant
> "preliminary approval." *See* Fed. R. Civ. P. 23(e)(1)(B)-(C).  Preliminary approval
> is a two-step process. See *In re IPO Litig.*, 226 F.R.D. at 191; *In re Nasdaq Antitrust
> Litig.*, 176 F.R.D. at 102 (citing Fed. R. Civ. P. 23(e); Manual for Complex
> Litigation (Third) § 30.41 (1995)). First, the court "make[s] a preliminary
> evaluation of the fairness of the settlement." *In re Nasdaq Antitrust Litig.*, 176
> F.R.D. at 102. Thus, "[w]here the proposed settlement appears to be the product of
> serious, informed, non-collusive negotiations, has no obvious deficiencies, does not
> improperly grant preferential treatment to class representative or segments of the
> class and falls within the reasonable range of approval, preliminary approval is
> granted." *Id.* (citing Manual for Complex Litigation (Third) § 30.41 (1995)); accord
> *In re IPO Litig.*, 226 F.R.D. at 191.FN7    Upon preliminary approval, the court
> "must direct the preparation of notice of the certification of the settlement class, the
> proposed settlement and the date of the final fairness hearing." *In re IPO Litig.*, 226
> F.R.D. at 191. At the fairness hearing, "[c]lass members (and non-settling
> defendants whose rights may be affected by the proposed settlement) then have an
> opportunity to present their views of the proposed settlement, and the parties may
> present arguments and evidence for and against the terms, before the court makes
> a final determination as to whether the proposed settlement is 'fair reasonable, and
> adequate.'" *Id.* (citing Manual for Complex Litigation (Fourth) § 21.632-21.635
> (2004)).

*Bourlas v. Davis Law Assoc.*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006). The preliminary approval

process should not constitute a trial of the case on the merits, rather only a determination that the

settlement is not the result of overreaching or collusion:

> In making a preliminary assessment of the fairness of the proposed settlement
> agreement, the Court's "intrusion upon what is otherwise a private consensual
> agreement negotiated between the parties to a lawsuit must be limited to the extent

necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217, 103 S.Ct. 1219, 75 L.Ed.2d 456 (1983).  A preliminary fairness assessment "is not to be turned into a trial or rehearsal for trial on the merits," for "it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Id.* Rather, the Court's duty is to conduct a threshold examination of the overall fairness and adequacy of the settlement in light of the likely outcome and the cost of continued litigation. *Ohio Public Interest Campaign v. Fisher Foods, Inc.*, 546 F. Supp. 1, 7 (N.D. Ohio 1982).

As part of this evaluation, the Court may not second guess the settlement terms. *See Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980) ("[j]udges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel"); *Officers for Justice*, 688 F.2d at 625 ("[t]he proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators").  Moreover, when a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair. *Vukovich*, 720 F.2d at 923; *see Duhaime v. John Hancock Mut. Life Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997) ("[i]n general, a settlement arrived at after genuine arm's length bargaining may be presumed to be fair"); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) ("[s]ignificant weight should be attributed 'to the belief of experienced counsel that settlement is in the best interest of the class'") (internal citations omitted).

*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350-51 (N.D. Ohio 2001).  Here, the proposed settlement was the result of almost a year of litigation culminating with an all-day mediation with the Honorable Patricia Gaughan.  More importantly, the proposed settlement is fair and reasonable as each Settlement Class member is eligible to receive a significant recovery.  The recovery for all Settlement Class members is also fair given the risks that the class would not be certified, or proceed on the merits where e-Verifile contends that it did not violate the FCRA during the Class Period.

## **CONCLUSION**

The proposed class meets the requirements of Rule 23(a) as well as Rule 23(b)(3).  Smith, with e-Verifile's consent, respectfully request that the Court certify this action as a class action and preliminarily approve the proposed settlement of this matter as set forth in the Stipulation of Settlement together, with the manner and form of notice provided for therein.

Respectfully submitted,


*/s/* Matthew A. Dooley
Matthew A. Dooley
Anthony R. Pecora
Stephen M. Bosak
O'TOOLE MCLAUGHLIN DOOLEY &
PECORA, CO. LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Email:  mdooley@omdplaw.com
        apecora@omdplaw.com
        sbosak@omdplaw.com


John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, Virginia 22033
Email: jbazaz@bazazlaw.com


Leonard A. Bennett
Craig C. Marchiando
Susan M. Rotkis
CONSUMER LITIGATION
ASSOCIATES, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
Email: lenbennett@clalegal.com
        srotkis@clalegal.com
        craig@clalegal.com


*Attorneys for Plaintiff Tiffany Smith*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, on this 14th day of April, 2017, electronically filed Plaintiff's Unopposed Motion for Preliminary Approval of Proposed Class Settlement using the CM/ECF system, which automatically sends email notification to the attorneys of record.

/s/ Matthew A. Dooley
Matthew A. Dooley
*Counsel for Named Plaintiff*

G:\28\28148\Motions-Stipulations\Motion for Preliminary Approval.docx