# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TIFFANY SMITH,** *on behalf of herself and all others similarly situated* <br><br> Plaintiff, <br><br> vs. <br><br> **STERLING INFOSYSTEMS-OHIO, INC.,** fka as Acxiom Information Security Services, Inc., et al. <br><br> Defendants. | UNITED STATES DISTRICT JUDGE PATRICIA A. GAUGHAN <br><br> CASE NO. 1:16-CV-714 |

## ORDER

WHEREAS, Plaintiff[1], Tiffany Smith, on behalf of herself and the other Settlement Class members in this action styled *Tiffany Smith, on behalf of herself and all others similarly situated v. Sterling Infosystems-Ohio, Inc. et al.*, Case No. 1:16-cv-714 (N.D. Ohio) (the "Litigation") and e-Verifile.com. Inc. have entered into a Settlement Agreement and Release, filed April 14, 2017 (the "Agreement") (ECF #__), after lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Agreement;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation (ECF #__), and for its dismissal with prejudice upon the terms and conditions set forth in the Agreement;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement and Release.

has found good cause for the same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Civil Action as a class action on behalf of the following Settlement Class:

> All natural persons residing in the United States who were the subject of one or more background reports furnished to a third party by e-Verifile.com, Inc. for employment purposes, which report(s) contained a record of criminal or traffic arrest or conviction or other criminal history, during the period from March 21, 2014 through March 21, 2016.

If the settlement is not finally approved, e-Verifile's stipulation to the certification of the class shall be null and void *ab initio*, and may not be used or relied upon by the Plaintiff or any putative Settlement Class member for any purpose.

2. With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Settlement Class; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiff, Tiffany Smith, as the class representative of the Settlement Class.

4.  Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Matthew A. Dooley and Stephen M. Bosak, Jr. of O'Toole McLaughlin Dooley & Pecora Co LPA; John C. Bazaz of the Law Offices of John C. Bazaz, PLC; and Leonard Bennett and Craig Marchiando of Consumer Litigation Associates, P.C as Class Counsel to represent the Settlement Class.

5.  The Court hereby preliminarily approves the Agreement and terms and conditions set forth therein, subject to further consideration at the Settlement Hearing described below.

6.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Agreement.

7.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Settlement Hearing") on __9/6/17__ at 9:00 a.m. in the Courtroom of U.S. District Judge Patricia A. Gaughan, United States District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113 for the following purposes:

    a.  finally determining whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

    b.  determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

  c. considering the application of Class Counsel for an award of attorney fees and reimbursement of expenses, as provided for under the Agreement;

  d. considering whether the Court should enter the [Proposed] Judgment, Final Order, and Decree;

  e. considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Agreement should be provided; and

  f. ruling upon such other matters as the Court may deem just and appropriate.

 8. The Court may adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class members.

 9. The Parties may further modify the Agreement prior to the Settlement Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class members.

 10. Settlement Class members must file and serve any objections to the proposed settlement not later than sixty (60) days after distribution of the Class Notice, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Notice Class and PAAN Class Notices.

 11. All papers in support of the settlement and any application for an award of attorney fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least fourteen (14) days prior to the Settlement Hearing.

 12. The Court approves, as to form and content, the proposed Mail Notices and Claim Forms, which are attached as Exhibits B and C to the Agreement.

13. Within 30 days of this Order, Class Counsel shall provide to each Settlement Class member the Mail Notices and Claim Forms.

14. The Court finds that the distribution of the Mail Notices and Claim Forms substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15. The Court approves the designation of Class Counsel to administer the settlement through a third-party administrator. Class Counsel shall cause the dissemination of the Mail Notices and Claim Forms and supervise and carry out the notice procedures, the processing of claims, and other administrative functions, and shall respond to Settlement Class member inquiries, as set forth in the Agreement and this Order under the direction and supervision of the Court.

16. e-Verifile shall pay the costs of administering the settlement in an amount not to exceed $5,000, as set forth in the Agreement.

17. As provided in the Mail Notices and Claim Forms, each Class Member shall have the right to exclude himself or herself from the settlement class by mailing a request for exclusion to Class Administrator postmarked no later than sixty (60) days after mailing of the Mail Notices and Claim Forms. Requests for exclusion must set forth the class member's name and address. At least fourteen (14) days prior to the final approval hearing, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class.

18. As provided in the Mail Notices and Claim Forms, each class member who does not timely opt out of the class shall have the right to object to the settlement or to the request by

Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Court not later than sixty (60) days after distribution of the Mail Notices and Claim Forms, and copies of the objections shall be served on Class Counsel.  Failure to timely file and serve written objections will preclude a class member from objecting at the Settlement Hearing.

19. All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement and for an award of attorney fees and expenses by counsel for the class shall be filed not later than ten (10) days before the Settlement Hearing.

20. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Agreement.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan        4/26/17
U.S. DISTRICT JUDGE PATRICIA A. GAUGHAN