UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TIFFANY SMITH**, *on behalf of herself and all other similarly situated*, | |
| Plaintiff, | CASE NO. 1:16-cv-714 |
| v. | JUDGE PATRICIA A. GAUGHAN |
| **STERLING INFOSYSTEMS-OHIO, INC., STERLING INFOSYSTEMS, INC., and E-VERIFILE.COM, INC.** | |
| Defendants. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEY FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD TO THE NAMED PLAINTIFF**

Now comes the Named Plaintiff, Tiffany Smith ("Smith"), by and through counsel, and hereby moves the Court for an Order awarding attorney fees and costs in an amount equal to one third (1/3) of the Settlement Fund and an Incentive Award to Smith in the amount of one thousand dollars ($1,000.00). A Memorandum in Support is attached hereto and incorporated herein.

Respectfully submitted,

/s/ Matthew A. Dooley
Matthew A. Dooley
Anthony R. Pecora
Stephen M. Bosak
O'TOOLE MCLAUGHLIN DOOLEY &
PECORA, CO. LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Email: mdooley@omdplaw.com
          apecora@omdplaw.com
          sbosak@omdplaw.com

John C. Bazaz

Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, Virginia 22033
Email: jbazaz@bazazlaw.com

Leonard A. Bennett
Craig C. Marchiando
Susan M. Rotkis
CONSUMER LITIGATION
ASSOCIATES, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
Email: lenbennett@clalegal.com
      srotkis@clalegal.com
      craig@clalegal.com

*Attorneys for Plaintiff Tiffany Smith*

## MEMORANDUM IN SUPPORT[1]

Class Counsel request an award of attorney fees and expenses as a percentage of the Settlement Fund, to be capped at a gross percentage of one-third (1/3) of the actual Settlement Funds by e-Verifile.com, Inc. to and for the benefit of the class. Because the Settlement Funds are $156,000.00, Class Counsel seek an attorney fee award inclusive of costs expended to prosecute the litigation in the amount $52,000.00. This sum includes all costs and expenses associated with the case and incurred by Class Counsel. Additionally, the fee is calculated against real dollars and not a purely theoretical claims fund; each dollar is paid to the Class. Last, Class Counsel requests an Incentive Award to Smith in the amount of $1,000.00

> **A. A fee award of one-third of the common fund inclusive of expenses compares fairly to awards in similar class actions.**

A fee determination should focus on the actual benefit obtained for the class. Here, the benefits are significant where Notice Class Members are entitled to receive an automatic cash payment of approximately $75.00 and PAAN Class Members who submitted a Valid Claim form will receive a check for approximately $418.95, a significant amount of statutory damages allowed by the FCRA.[2] Manual for Complex Litigation (Fourth) § 21.71 ("Compensating counsel for the actual benefits conferred on the class members is the basis for awarding attorney fees. The 'fundamental focus is the result actually achieved for class members.' That approach is premised on finding a tangible benefit actually obtained by the class members. In comparing the fees sought by the lawyers to the benefits conferred on the class, the court's task is easiest when class members are all provided cash benefits that are distributed.").

---

[1] All defined terms shall have the same meanings used in the Settlement Agreement and Release (Doc. 61-1).

[2] 15 U.S.C. § 1681n (statutory damages between $100 and $1,000 are recoverable for willful violations of the FCRA).

3

The "common fund doctrine" has long been recognized by the Sixth Circuit. *See Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993) ("In this circuit, we require only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances."); *see also Vassalle v. Midland Funding,* 2011 U.S. Dist. LEXIS 90278, 52-53 (N.D. Ohio Aug. 12, 2011). The Supreme Court has also consistently calculated attorney fees in common funds cases on a percentage-of-the-fund basis. *See Sprague v. Ticonic Nat'l* Bank, 307 U.S. 161, 165-67 (1939); *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478-79 (1980); *Blum v. Stenson,* 465 U.S. 886, 900 n. 16 (1984); *see also Report of the Third Circuit Task Force, Court Awarded Attorney Fees*, 108 F.R.D. 237, 242 (Oct. 8, 1985) (noting that fee awards in common fund cases have historically been computed based on a percentage of the fund). The Supreme Court has never adopted the lodestar method over the percentage of recovery method in a common fund case, even when lower federal courts began using the lodestar approach in the 1970s. *See e.g. Shaw v. Toshiba Am. Info. Sys., Inc.* 91 F. Supp. 2d 942, 943 (E.D. Tex. 2000); *see also Manual for Complex Litigation* § 24.121 at 210.

Since *Blum,* virtually every Circuit Court of Appeals joined the Supreme Court in affirmatively endorsing the percentage-of-recovery method as an appropriate formula to calculate attorney fees in common fund cases. *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047-50 (9th Cir. 2002); *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 49 (2d Cir. 2000); *See In re GMC*, 55 F.3d 768, 821-22 (3d Cir. 1995); *In re Thirteen Appeals Arising out of the San Juan DuPont Plaza Hotel Fire Litig.,* 56 F.3d 295 (1st Cir. 1995); *Gottlieb v. Barry*, 43 F.3d 474, 487 (10th Cir. 1994); *Rawlings v. Prudential-Bache Props., Inc.,* 9 F.3d 513, 515-16 (6th Cir. 1993); *Swedish Hosp. Corp v. Shalala*, 1 F.3d 1261, 1268-70 (D.C. Cir. 1993); *Camden I. Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).

4

The percentage of the fund requested in this case is well within the usual range between 25% and 40% awarded in class actions. There is no reason to downwardly depart here. "Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." 4 Newberg on Class Actions § 14:6 (4th ed.). *See also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (review of 289 class action settlements demonstrates "average attorney's fees percentage [of] 31.71%" with a median value that "turns out to be one-third"). In an analysis of such historic patterns and guidelines, Reagan W. Silber and Frank E. Goodrich explained:

> Although empirical evidence does not necessarily establish what the court should do in a specific case, it provides benchmark standards for the court to determine the reasonableness of a fee award. Because plaintiffs' attorneys must be able to predict the fee determinations that courts are likely to make years later if they are to undertake lengthy and risky litigation on a contingent fee basis, such benchmarks have particular importance in this area of the law.
>
> National Economic Research Associates, an economics consulting firm, recently conducted an analysis of fee awards in class actions. Using data from 656 shareholder class actions that were settled, dismissed, or resolved by a jury verdict from January 1991 to December 1994, the Dunbar Study found that attorneys' fees in these class actions averaged approximately 32% of the recovery, regardless of the case size. When plaintiffs' judicially approved expenses were added to the fee award, the fees and expenses averaged 34.74% of the created fund.
>
> Furthermore, the Federal Judicial Center Study discussed earlier found that in the four districts studied, most fee awards in common fund class actions were between 20% and 40% of the gross monetary settlement. The survey discovered little variation among the four district courts. Although the four districts were geographically and demographically diverse, each court seemed to award fees within the same narrow range of percentages. Although there are only a few cases involving recoveries as high as $40 million, the case law does not reflect a trend toward lower percentages in larger cases.

Reagan W. Silber and Frank E. Goodrich, *Common Funds and Common Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 545-46 (1998).

This range is also consistent with the fee percentages awarded in other class cases in this Circuit. *See e.g., Hall, et al. v. Vitran Express, Inc.*, N.D. Ohio Case No. 1:09-CV-00800 (2012) (FCRA class settlement mediated before the Honorable Judge Dan Aaron Polster, fees awarded as 30% of the common fund); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010) (33% of settlement amount); *Johnson v. Midwest Logistics Systems, LTD*, S.D. Ohio Case No. 2:11-CV-01061 (2012) (Marbley, J.) (FCRA class settlement awarded as 33% of the common fund).

**B.  A lodestar cross-check confirms the reasonableness of the requested fee.**

Although a fee cross-check is unnecessary where there is no indication that the fee award is out of proportion with the class settlement, Class Counsel is providing further support for the benefit of the Court. Unlike a traditional Rule 54 lodestar application, a "cross-check" is obtained by a rough estimate of time spent and expenses incurred.  Manual for Complex Litigation (Fourth) § 21.724 (In common fund cases, judges sometimes request "an estimate of the number of hours spent on the litigation and a statement of the hourly rates for all attorneys and paralegals who worked on the litigation. Such information can serve as a 'cross-check' on the determination of the percentage of the common fund that should be awarded to counsel.")  Courts will utilize the lodestar method to cross check the reasonableness of a percentage of common fund fee. *Van Horn v. Nationwide Prop. and Casualty Ins. Co.*, 2010 U.S. Dist. LEXIS 42357 at *8 (N.D. Ohio April 30, 2010) (citing *Rawlings*, at 516).  A lodestar analysis "multiplies the proven number of hours reasonably expended on the litigation by a reasonable hourly rate."  *Van Horn*, at *8 (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).  Once the "lodestar figure" has been calculated, a court may adjust it up or down based on a number of factors "designed to account for the specific circumstances of the case."  *Id*.  In contrast, under the percentage-of-the-fund method, a court

simply "determines a percentage of the settlement to award to class counsel, based on several case-specific factors." *Id*. at *8 (citing *Rawlings*, at 516). Some courts, including the Southern District of Ohio, employ both methods, using each method to cross-check the other. *See Lowther v. AK Steel Corporation*, 2012 U.S. Dist. LEXIS 181476 at *12, *17 (S.D. Ohio Dec. 21, 2012); *see Van Horn*, at *8-9 (internal citations omitted).

From its inception, this case has been fervently and professionally litigated by both Class Counsel and Defense Counsel. To date, Class Counsel have expended over 377 hours litigating this case. Those hours are divided among seven (7) attorneys and their paraprofessionals, all with vast experience litigating class actions under the Fair Credit Reporting Act. *See* Declaration of Matthew A. Dooley, Declaration of John C. Bazaz and Declaration of Leonard A. Bennett attached hereto as Exhibits A, B and C respectively. The case in fact began long before the initial filing of the Complaint, as Class Counsel investigated, researched and interviewed clients for the case as a precondition to initiating litigation. Thereafter, the case proceeded rapidly, as is necessary and effective within the Court's docket.

Although contested litigation required the devotion of substantial time and resources, the mediation, settlement and now class settlement approval process is even more open-ended. The mediation stage of the case itself took months and was finished only when every term of every filed settlement document (motion for preliminary approval, settlement agreement, class notices, etc.) had been negotiated. Even today, Class Counsel receive direct communications from the numerous class members, and expects to continue receiving communications from Class Members throughout the distribution of the Settlement Funds. Indeed, Class Counsel routinely expend significant time addressing Class Members' concerns via telephone and in writing *after* requesting an attorney fee award.

While an inexact record of work performed[3], the time details evidence that Class Counsel expended over 377 hours to prosecute the litigation. *See* Exhibits A, B and C.  Additionally, Class Counsel expended approximately $2,571.77 in costs associated with the case.  A court applying the lodestar method simply multiplies the proven number of hours reasonably expended by a reasonable hourly rate. *See Lowther,* at *4; *see also Van Horn*, at *9 (citing *Reed*, at 471).  Given the number of attorneys, the complexity of the case and amount of work necessary to file, litigate, and settle the case, Class Counsel believes this amount of hours to be reasonable.  Further, the hourly rates charged by Class Counsel are reasonable in light of Class Counsel's experience litigating similar matters.

In other cases in this District, the court has stated that a "reasonable hourly rate is determined by reference to the prevailing market rates in the relevant community. In ascertaining the proper "community," district courts may "look to national markets, an area of specialization, or any other market they believe is appropriate to fairly compensate attorneys in individual cases." *Lowther*, at *13.  Though the court has previously stated that hourly rates are by no means universal in the Northern District of Ohio, courts in the Sixth Circuit have approved hourly rates as high as $825, while showing a preference in class action cases for rates between $250 and $600 depending on the qualifications, skills, and experience of the attorneys making the request. *See Lowther,* at *13-16; *see Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 815 (N.D. Ohio 2010); *see also Van Horn*, 2010 U.S. Dist. LEXIS 42357 at *12-14.

Here, given the complexity of the case and the results achieved, the proposed hourly rates are certainly reasonable. Additionally, the proposed hourly rates are well within the range of hourly rates approved by courts throughout the Sixth Circuit. Assuming the Court finds both the proposed

---

[3] It is always difficult to provide a firm estimate of attorney fees and costs in a large class settlement as substantial additional work will continue long after the case is off the Court's docket.

8

hourly rates and the proven amount of reasonable hours expended to be reasonable, the lodestar at this juncture would be $133,878.75 with expenses in the amount of $2,571.77. But the requested fee is only $52,000.00, which equates to a ***negative*** lodestar multiplier.  Indeed, a lodestar with a multiplier approach would result in a much larger fee award than the current request. Class Counsels' attorney fee award as a percentage of the fund is therefore appropriate. *See Stanley v. U.S. Steel Co.*, 2009 WL 4646647, at *3 (E.D. Mich. Dec. 8, 2009).

### C. The requested incentive award is fair and reasonable.

Generally, it is within the Court's discretion to grant or deny an incentive award. *See Hadix v. Johnson,* 322 F.3d 895, 897 (6th Cir. 2003*)*; *see also In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508, 535 (E.D. Mich. 2003) (Incentive awards for a named plaintiff are "common in class actions."). The Parties agreed that Smith could seek an Incentive Award of $1,000.00 from the common fund for her service as the named class representative.  (Doc. 61-1, ¶ 8.6).  Not concerned with personal gain, Smith participated in the drafting of the pleadings and actively assisted Class Counsel in prosecuting the case and drafting the discovery.  She was also in constant communication with Class Counsel about the status of the litigation.  Indeed, without her participation, the case would not have been filed and relief likely would not have been provided to Class Members.  *See Bower v. Metlife, Inc.*, 2012 U.S. Dist. LEXIS 149117 at * (S.D. Ohio Oct. 17, 2012) (Court awarded an incentive award because, as class representatives, the individuals undertook a voluntary obligation to assume responsibilities and duties on behalf of the class.  In doing so, the court noted that the Southern District of Ohio has approved incentive awards in other similar cases); *Birr v. America Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 40665, *1 (S.D. Ohio April 14, 2011) (Court approved an incentive payment of $5,000 to the class representative); *see also Bert v. AK Steel Corp*, 2008 U.S. Dist. LEXIS 111711 (S.D. Ohio 2008) (Court approved a $10,000

incentive award to each class representative); *see also Physicians of Winter Haven LLC v. Steris Corp.*, 2012 U.S. Dist. LEXIS 15581, 15-16 (N.D. Ohio Feb. 6, 2012) (Baughman, J.) ("Courts within this district, however, have recognized that in common fund cases, and where the settlement agreement provides for incentive awards, 'class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled by virtue of class membership alone.'"); *Bell v. US Xpress*, Case No. 1:11-CV-00181 (E.D. Tenn. January 21, 2015) (approving $15,000 incentive award to named plaintiff).

**WHEREFORE**, Plaintiff, Tiffany Smith, respectfully requests that the Court enter an order awarding Class Counsel $52,000.00 in attorney fees and costs, and an Incentive Award to Smith in the amount of $1,000.00.

Respectfully submitted,

*/s/* Matthew A. Dooley
Matthew A. Dooley
Anthony R. Pecora
Stephen M. Bosak
O'TOOLE MCLAUGHLIN DOOLEY &
PECORA, CO. LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Email: mdooley@omdplaw.com
 apecora@omdplaw.com
 sbosak@omdplaw.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, Virginia 22033
Email: jbazaz@bazazlaw.com

Leonard A. Bennett
Craig C. Marchiando
Susan M. Rotkis
CONSUMER LITIGATION
ASSOCIATES, PC

                                763 J. Clyde Morris Blvd., Suite 1-A
                                Newport News, Virginia 23601
                                Email:  lenbennett@clalegal.com
                                            srotkis@clalegal.com
                                            craig@clalegal.com

*Attorneys for Plaintiff Tiffany Smith*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on this 23rd day of August, 2017, electronically filed Plaintiff's For An Award Of Attorney Fees, Reimbursement Of Expenses and Incentive Award To The Named Plaintiff using the CM/ECF system, which automatically sends email notification to the attorneys of record.

/s/     Matthew A. Dooley
Matthew A. Dooley
*Counsel for Named Plaintiff*

G:\28\28148\Motions-Stipulations\2017.08.23 - Motion for Fees.docx