# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TIFFANY SMITH**, *on behalf of herself and all other similarly situated*, | |
| Plaintiff, | CASE NO. 1:16-cv-714 |
| v. | JUDGE PATRICIA A. GAUGHAN |
| **STERLING INFOSYSTEMS-OHIO, INC., STERLING INFOSYSTEMS, INC., and E-VERIFILE.COM, INC.** | |
| Defendants. | |

### DECLARATION OF MATTHEW A. DOOLEY

I, Matthew A. Dooley, declare:

1. I am over 21 years of age, of sound mind, capable of executing this declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

2. I am one of the attorneys working on behalf of the Plaintiff in the above-styled litigation. I am currently a partner with the law firm of O'Toole, McLaughlin, Dooley & Pecora Co., LPA, a fifteen-attorney law firm with offices in Sheffield Village and Oberlin, Ohio. My primary office is at 5455 Detroit Road, Sheffield Village, Ohio 44054. Anthony R. Pecora, co-counsel in the above-styled case is also a partner with the law firm of O'Toole, McLaughlin, Dooley & Pecora, Co., LPA.

3. Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the State of Ohio, where I regularly practice law. Since 2006, I have been and presently am a member in good standing of the Bar of the highest court of the State of Florida. I have also been admitted to practice before and am presently admitted to the following federal

courts:

| Court | Date |
|---|---|
| United States Court of Appeals for the Sixth Circuit | 2008 |
| United States District Court for the Northern District of Ohio | 2008 |
| United States District Court for the Southern District of Ohio | 2009 |
| United States District Court for the Western District of Tennessee | 2011 |
| United States District Court for the Western District of New York | 2012 |
| United States District Court for the District of Colorado | 2013 |
| United States District Court for the District of Wisconsin | 2013 |
| United States District Court for the Northern District of Indiana | 2015 |

4. Further, since 1998, Anthony Pecora has been and presently is a member in good standing of the Bar of the highest court of the State of Ohio. He is also admitted to practice before and presently is a member in good standing of the Bars of the following courts:

| Court | Date |
|---|---|
| United States District Court for the Northern District of Ohio | 2008 |
| United States District Court for the Southern District of Ohio | 2009 |
| United States District Court for the Western District of Tennessee | 2011 |
| United States District Court for the Western District of New York | 2012 |

| | |
|---|---|
| United States District Court for the District of Colorado | 2013 |
| United States District Court for the District of Wisconsin | 2013 |
| United States District Court for the Northern District of Indiana | 2015 |
| United States District Court for the Northern District of New York | 2015 |
| United States District Court for the Northern District of Oklahoma | 2016 |
| United States District Court for the Western District Michigan | 2017 |

4. Anthony Pecora and I have also been admitted *pro hac vice* in jurisdictions across the country including Kentucky, Tennessee, Missouri, Arizona, Oregon, California, Florida, North Carolina, Virginia, Georgia, Mississippi, West Virginia, Washington, Texas, New York, Pennsylvania, Indiana, Utah and Maryland. We have never been denied admission *pro hac vice*.

5. Since 2009, we have focused our practice primarily towards consumer protection litigation. While our experience representing consumers falls within several areas, we generally concentrate on plaintiff litigation under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. *White v. CRST, Inc*., Case No. 1:11-cv-2615 (N.D. Ohio); *Hall v. Vitran Express, Inc*., Case No. 1:09-cv-00800 (N.D. Ohio); *Ryals v. HireRight Solutions, Inc*., *et al,* Case No. 3:09-CV-625 (E.D. Va.); *Smith v. New England Motor Freight, Inc.,* Case No. 2:12-CV-03559 (N.J.D); *Roe, et al. v. Intellicorp Records, Inc., et al.,* Case No. 1:12-CV-02288 (N.D. Ohio); *Avery v. Boyd Bros. Transportation*, Case No. 4:13-CV-00579 (W.D. Missouri); *Smith v. ResCare¸* Case No. 3:13-CV-5211 (S.D. W. Va.); *Henderson, et al. v. First Advantage,* Case No. 3:14-CV-00221 (E.D. Va.); *Henderson, et al v. BackgroundChecks.com*, Case No. 3:13CV-00029 (E.D. Va.); *Smith v.*

3

*ResCare¸* Case No. 3:13-CV-5211 (S.D. W. Va.); *Bozso v. LexisNexis*, Case No. 5:13-CV-79 (W.D. N.C.); *Vinson v. Fleetcor*, Case No. 1:14-CV-01939 (N. D. Ga.); *James, et al. v. Experian Information Solutions, Inc.*, Case No. 3:12-CV-00902 (E.D. Va.); *Banks v. Stevens Transport, Inc.*, Case No. 2:15-CV-00117 (N.D. Texas); *Townsend v. AIM Logistics, Inc*., Case No. 4:15-CV-00493 (N.D. Ohio).

6. Anthony Pecora and I are also presently litigating as lead counsel or co-counsel in the following FCRA class action matters,; *Scott v. KKW Trucking*, Case No. 3:14-CV00494 (D. Or.); *Demmings v. Clean Harbor*, Case No. 2:14-CV-01017 (W.D. Wa..); *Harris v. Exel*, Case No. 2:14-CV-1231 (S.D. Ohio); *Banks v. Central Refrigerated Services, Inc*., Case No, 2:16-CV-00556 (D. Utah); *Robertson v. Allied*, Case No. 1:15-CV-001364 (S.D. Ind.); *Moore v. Aerotek*, Case No. 2:15-CV-02701 (N.D. Ohio); *Easley v. The Reserves Network, Inc*., Case No. CV-16-858592 (Lorain County Common Pleas, Ohio); *Legrand v. Intellicorp, et al*., Case No. 1:15-CV-02091 (N.D. Ohio); *Wentworth v. Metrodata Services, Inc.,* Case No. 1:17-CV-00594 (W.D. NY); *White v. Shield Screening, et al*, Case No. 16-cv-00658 (N.D. Ok); *Kidd v. Thomson Reuters Corporation*, Case No. 1:16-CV-01668 (S.D. NY); *Reid v. Kroger*, Case No. 1:16-cv-00815 (S.D. Ohio).

7. We have never been found to be inadequate class counsel.

8. Counsel for this Firm has spent over 217 hours litigating this case, and incurred out-of-pocket expenses exceeding $1,136.98.

9. Class Counsel is seeking a fee award of on third (1/3) of the total Settlement Funds. The percentage sought in this action is within the range of fee award percentages approved in other class settlement cases involving FCRA claims. In my opinion, the percentage sought is reasonable not only in light of the risks Class Counsel undertook in accepting this case given its contingent

4

nature, but also because of the quality of the representation we provided to the class and the exceptional results achieved.

      10.      Furthermore, the reasonableness of the percentage requested is confirmed by a cross check under the lodestar method, as the following information regarding Class Counsel's hourly rates and time spent demonstrates.

      11.      A primary component of our firm's revenue is generated from contingency cases. Thus, we do not get paid unless we recover for our clients.  It is also nearly always necessary for us to advance costs in these federal consumer cases, which can sometimes require risks of tens of thousands of dollars in addition to fees.  If were unable to recover a contingency premium in our cases, our law firm's ability to accept contingency cases would be severely limited.  Moreover, our ability to represent consumers and those harmed by erroneous consumer reports would be drastically curtailed as many of our clients are without employment because of the very same FCRA violations litigated in the present action.

      12.      The unadjusted lodestar for Counsel in our firm is $67,008.75. The reasonableness of the hourly rate of Class Counsel, reasonableness of the time spent litigating the case, contingent nature of the fee award, the novelty and complexity of the issues in this case, and Class Counsel's skill displayed in presenting them, demonstrate that a multiplier is justified and the fees requested are reasonable.

| **OMDP** | **Hourly Rate** |
|---|---|
| Matthew A. Dooley, Partner | $450.00 |
| Anthony R. Pecora, Partner | $450.00 |
| Stephen M. Bosak, Jr., Associate | $295.00 |
| Audrey F. Tedor, Paralegal | $200.00 |

      13.      Litigating a high stakes case against a well-funded corporate defendant represented by excellent law firms in an unsettled area of law is not appealing to most lawyers, particularly

5

when the plaintiff's lawyer will have to finance the litigation. This case was taken on a contingency basis and was not a case undertaken lightly. The risk of advancing all potential costs in this type of litigation were considerable, especially in light of the fact that this firm is relatively small in comparison to law firms that routinely defend these types of proceedings.

14. Class Counsel accepted this case entirely on a contingency basis with no guarantee of payment. The case required over 217.9 hours of work and consumed much of the time and effort of three of the four litigation attorneys employed at this firm, such that we turned away other potentially lucrative matters so that we could devote the necessary time to pursuing this action.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

Signed this 23rd day of August, 2017.

Matthew A. Dooley

G:\28\28148\Motions-Stipulations\2017.08.23 - MAD Declaration in Support of Motion for Fees.docx

6