# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TIFFANY SMITH**, *on behalf of herself and all other similarly situated*, | |
| Plaintiff, | CASE NO. 1:16-cv-714 |
| v. | JUDGE PATRICIA A. GAUGHAN |
| **STERLING INFOSYSTEMS-OHIO, INC., STERLING INFOSYSTEMS, INC., and E-VERIFILE.COM, INC.** | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT

Tiffany Smith, on behalf of herself and the Class, respectfully moves the Court in accordance with Fed. R. Civ. P. 23 for final approval of the class settlement. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

*/s/* Matthew A. Dooley
Matthew A. Dooley
Anthony R. Pecora
Stephen M. Bosak
O'TOOLE MCLAUGHLIN DOOLEY &
PECORA, CO. LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Email: mdooley@omdplaw.com
  apecora@omdplaw.com
  sbosak@omdplaw.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, Virginia 22033

Email: jbazaz@bazazlaw.com

Leonard A. Bennett
Craig C. Marchiando
Susan M. Rotkis
CONSUMER LITIGATION
ASSOCIATES, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
Email: lenbennett@clalegal.com
      srotkis@clalegal.com
      craig@clalegal.com

*Attorneys for Plaintiff Tiffany Smith*

**MEMORANDUM IN SUPPORT**

**I. OVERVIEW**

This class settlement is made on behalf of consumers residing in the United States who were the subject of one or more background reports furnished to a third party by e-Verifile.com, Inc. to determine employment eligibility.[1] Class Counsel moves the Court for an order finally approving the $156,000.00 cash settlement.

After significant pre-suit research and investigation, Smith filed this action against e-Verifile.com, Inc. on March 22, 2016 alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a-1681x. *See* Doc. 1 ("the Complaint"). Specifically, Smith alleged that e-Verifile.com, Inc. failed to comply with the notification procedures required by the FCRA, specifically 15 U.S.C. § 1681k and § 1681b(b)(3). For ease of reference, the Complaint divides e-Verifile's FCRA violations into four categories:

| COUNT | STATUTE | SUMMARY |
|---|---|---|
| | | |
| One | 15 U.S.C. § 1681k | **No Notice to Consumers**<br><br>e-Verifile failed to notify consumers "at the time" it furnishes and sells a consumer report to an employer. |
| | | |
| Two | 15 U.S.C. § 1681b(b)(3)(A) | **No Pre-Adverse Action Notice**<br>**(In-Person Applicants Only)**<br><br>e-Verifile failed to provide applicants with a copy of their e-RAILSAFE report and/or written summary of rights before adjudicating them as ineligible for employment. |

---

[1] All defined terms shall have the same meanings used in the Settlement Agreement and Release (Doc. 61-1).

Following motion practice and discovery proceedings, the Parties discussed the feasibility of mediation to resolve the litigation. To effectively evaluate strengths and weaknesses, the Parties exchanged significant informal discovery materials related to Smith's experience with e-Verifile and e-Verifile's policies, procedures related to consumer reports. E-Verifile also provided information necessary to understand the total number of job applicants affected by the disputed practices.

After reviewing this information and assessing their respective liabilities, the Parties agreed to an in-person settlement conference with the Court on February 7, 2017. And with the Court's assistance, the Parties reached a settlement agreement that resolved all claims. The details of the settlement were presented to the Court through the Parties' Motion for Preliminary Approval (Doc. 61) and the Settlement Agreement and Release (Doc. 61-1), which the Court preliminarily approved on April 26, 2017 (Doc. 62).

## II. THE SETTLEMENT TERMS

### A. The Settlement Class

The Settlement Class is defined as:

> All natural persons residing in the United States who were the subject of one or more background reports furnished to a third party by e-Verifile.com, Inc. for employment purposes, which report(s) contained a record of criminal or traffic arrest or conviction or other criminal history, during the period from March 21, 2014 through March 21, 2016.

(Doc. 61-1, ¶1.1).

### B. Consideration Provided to Class Members

The provisions of the Settlement Agreement provide for cash disbursements to Class Members, a *cy pres* trust, a service award to Smith, and attorney's fees within the acceptable range for class actions. The salient terms are as follows:

- E-Verifile agreed to pay a total of One Hundred and Fifty-Six Thousand Dollars

($156,000.00) (the "Settlement Fund"), from which the following payments to Class Members shall be made after an equal pro rata share after a service payment and attorney fees have been deducted:

- o <u>Notice Class Members (approximately 756 members)</u> – For applicants who were the subject of a background report that contained a record of criminal or traffic arrest or conviction or other criminal history and Defendant's records show were not mailed a copy of a notice pursuant to 15 U.S.C. § 1681k(a)(1) during the class period, will receive a gross settlement amount of up to $75.00.

- o <u>PAAN Class Members (approximately 1,129 members)</u> – who were not given a copy of the report and/or written summary of rights pursuant to 15 U.S.C. § 1681b(b)(3) during the period from March 21, 2014 through March 21, 2016, whose eRailsafe applications were denied as a result of a background report, and who later appealed such denial, will receive a gross settlement amount of up to $418.95 only if a timely valid claim form was received by the settlement administrator.

- No portion of the Settlement Fund will revert to e-Verifile;

- The cost of notice and administration of the settlement shall be paid by e-Verifile in an amount not to exceed $5,000.00; and

- In the event that settlement checks mailed to Class Members returned as undeliverable or otherwise not cashed before becoming stale or void, the parties shall move the Court to disburse the remaining funds to a *cy pres* beneficiary.

### III. LAW AND ARGUMENT

#### A. The Final Approval Procedure

Settlement is favored, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of prolonged litigation. *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981); Albert Conte & Herbert Newberg, *Newberg on Class Actions* § 11.41 (4th ed. 2002) ("By their very nature, because of the uncertainty of outcome, difficulties of proof, length of litigation, class action suits lend themselves readily to compromise.") Recognizing that complex litigation can be "notoriously difficult and unpredictable," in the absence of "fraud or collusion," settlements in complex litigation are not to

5

be disturbed. *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) (quoting *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983)).

Under the Federal Rules of Civil Procedure, parties proposing the settlement of the claims of a certified class must obtain the Court's approval. *See* Fed. R. Civ. P. 23(e)(1)(A). Rule 23(e) provides in relevant part:

> [t]he court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, of compromise is fair, reasonable and adequate.

The three-step process for approval of class action settlements in federal court is described in the *Manual for Complex Litigation* §§ 21.632-635 (4th ed. 2004) ("*Manual*") which provides the following procedure:

1. [p]reliminary approval of the proposed settlement at an informal hearing;

2. [d]issemination of mailed and/or published notice of the settlement to all affected Class members; and

3. [a] "formal fairness hearing", or final approval hearing, at which *class members* may be heard regarding the settlement, and at which presentations concerning the fairness, adequacy, and reasonableness of the settlement is presented.

*See also Williams v. Vukovich*, 720 F.2d 909, 920-21 (6th Cir. 1983).

Here, the Court has already granted preliminary approval of the proposed settlement, and the Settlement Administrator has completed dissemination of the settlement notices to affected class members. *See* Ex. A, Declaration of American Legal Claim Services, LLC. Therefore, the Court need only determine whether the settlement is fair, reasonable, and adequate. *Manual*, at ¶¶ 21.632-35.

### B. The Factors to be Considered by the Court

In evaluating whether a class action settlement is fair, reasonable, and adequate, the Court should consider the following factors: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Granada*, 962 F.2d at 1205; *Vukovich*, 720 F.2d at 922-23. A settlement is "presumptively reasonable" once preliminarily approved and "[a]n individual who objects, consequently, has a heavy burden of demonstrating that the [settlement] is unreasonable." *Bronson v. Bd. of Educ.*, 604 F. Supp. 68, 71-72 (S.D. Ohio 1984). Speaking on this subject, the Sixth Circuit has held that the question for the Court is not which party is correct or has the better argument, but is instead whether the parties are resolving a legitimate legal and factual disagreement. *Int'l Union, United Auto, Aerospace, and Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007). In its evaluation, the district court has "wide discretion." *Shlensky v. Dorsey*, 574 F.2d 131, 147 (3d Cir. 1978). As the Sixth Circuit explained:

> [N]o court of appeals, to our knowledge, has demanded that district courts invariably conduct a full evidentiary hearing with live testimony and cross-examination before approving a settlement. Our court, and several others, have instead deferred to the district court's traditionally broad discretion over the evidence it considers when reviewing a proposed class action settlement.

*UAW v. GMC*, 497 F.3d 615, 636 (6th Cir. 2007); *Officers for Justice*, 688 F.2d at 625 (noting that fairness hearing should not be turned into a trial or rehearsal for trial on the merits).

### C. The Settlement is Fair, Reasonable, and Adequate as a Whole

#### *1. There is No Risk of Fraud or Collusion*

Lasting over a year, this action was adversarial from inception through settlement. Only

7

after studious document review, significant informal discovery, and lengthy negotiation was settlement attainable. Counsel for both parties vigorously litigated to secure the most desirable outcome for their respective clients, and an agreement was ultimately reached only with the assistance of this Court.

In assessing the first factor, Judge Beckwith of the United States District Court for the Southern District of Ohio stated: "[t]he participation of an independent mediator in the settlement negotiations virtually assures that the negotiations were conducted at arm's length and without collusion between the parties." *Hainey v. Parrot*, 617 F. Supp.2d 668, 673 (S.D. Ohio 2007) (Beckwith, J.) (citing *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 621 (S.D. Cal. 2005) *and In re Toys R Us Antitrust Lit.*, 191 F.R.D. 347, 352 (E.D.N.Y. 2000)). Here, agreement required an all-day mediation session with the Court.

Finally, in evaluating possible fraud or collusion, a court should address whether the agreement is the result of either overt misconduct by the negotiators or improper incentive of certain class members at the expense of others. *Greenberg v. Proctor & Gamble Co. (In re Dry Max Pampers Litig.)*, 724 F.3d 713, 718 (6th Cir. 2013); *see also Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003). Here, no Class Members have filed objections with the Court out of the roughly 1,890 total Class Members. (Ex. A, ALCS Dec. at ¶ 13). Moreover, there is no competing litigation pending in any other court. Indeed, the settlement was accomplished through informed, good faith, extensive, hard fought and arm's-length negotiations resulting in a significant statutory damage recovery under the FCRA for the class and subclasses.

### 2. *The Complexity, Expense and Likely Duration of Continued Litigation*

Generally, "settlement avoids the costs, delays, and multitude of other problems" inherent in complex class action litigation. *See In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1013

(S.D. Ohio 2001). Unless the settlement is "clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *National Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (quoting *Newberg*, § 11:50 at 155). Simply put, it is proper "to take the bird in hand instead of a prospective flock in the bush." *DIRECTV*, 221 F.R.D. at 526 (quoting *Oppenlander v. Standard Oil Co.*, 64 F.R.D. 596, 624 (D. Colo. 1974)). The FCRA is not merely a "complex statutory scheme," but one that has been said to contain "almost incomprehensibly complex provisions" and "esoteric strictures." *See Burrell v. DFS Servs., LLC,* 753 F. Supp.2d 438, 440 (D.N.J. Dec. 7, 2010); *see also Narog v. Certegy Check Servs.*, 759 F. Supp.2d 1189, 1194-95 (N.D. Cal. 2011).

Here, if the settlement were rejected, Smith and the Class Members would bear the burden of proving that e-Verifile violated the FCRA. Moreover, Smith and the Class would also bear the more difficult burden of demonstrating that e-Verifile's actions were committed knowingly or recklessly. S*afeco Ins. Co. v. Burr*, 551 U.S. 47, 56-57 (2007) (willful failure to comply can be established by a knowing or reckless violation of the statute). Proving willful violations can be very expensive and often take years to resolve. If not resolved by mutual agreement, this case would likely have to be tried, and appealed. The trial could last several weeks and involve the introduction of voluminous documentary and deposition evidence and strenuously contested motions, expending a great deal of both the Parties' and the Court's resources. And this would occur only if Smith and the Class were successful in achieving class certification and defeating e-Verifile's likely summary judgment motion. Avoiding prolonged, endless litigation and preserving these resources are both noble goals that weigh in favor of a decision to approve the Settlement. *See DIRECTV*, 221 F.R.D. at 527.

### 3. The Amount of Discovery Conducted by the Parties

To ensure that plaintiffs have had access to sufficient information to evaluate their case and to assess the adequacy of a proposed settlement, a court must also consider the stage of the proceedings and the extent of discovery conducted. *See In re Telectronics Pacing Sys.*, 137 F. Supp. 2d at 1015; *see also Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 502 (E.D. Mich. 2000). In considering whether there has been sufficient discovery, the court should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced. *UAW v. General Motors Corp.*, No. , 2006 WL 891151, at *19 (E.D. Mich. Mar. 31, 2006), *aff'd* 497 F.3d 615 (6th Cir. 2007) (citing *Levell v. Monsanto*, 191 F.R.D. 543, 557 (S.D. Ohio 2000)).

Here, the course of discovery in this matter justifies approval. In preparation for mediation, the parties exchanged and reviewed ample documents to determine class size and both parties' respective theories. Reviewing these documents provided invaluable insight into e-Verifile's dissemination and use of consumer reports for employment purposes apprising both Parties of all relevant legal and factual issues. Thus, the Parties were able to engage in productive mediations that ultimately led to a detailed settlement agreement. *See DIRECTV*, 221 F.R.D. at 528 ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair.")

### 4. The Likelihood of Success on the Merits

The uncertainty of success on the merits is a factor which a Court must weigh in favor of approving settlement. *Dick v. Sprint Comm. Co. L.P.*, 297 F.R.D. 283, 297 (W.D. Ky. 2014); *see also General Motors*, 497 F.3d at 631 (noting that "we cannot judge the fairness of a proposed compromise without weighing the plaintiff's likelihood of success on the merits against the amount and form of relief offered in the settlement.") (quotations omitted).

Here, the settlement provides for an amount well above the minimum statutory damages available under the FCRA in exchange for the elimination of the legal risks associated with Smith and the Class's claims. *Dick*, 297 F.R.D. at 297 ("In sum, Plaintiffs' success at trial is by no means guaranteed. The nature of the Settlement Agreement, including monetary compensation, provides a reasonable tradeoff in exchange for the elimination of the legal risks associated with several of Plaintiffs' asserted claims.") As explained above, in order to receive *any* recovery, the Class Members would have to demonstrate that e-Verifile willfully violated the FCRA – *i.e.*, that e-Verifile took action involving "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco*, 551 U.S. at 68.

Accordingly, the uncertainty of ultimate success on the merits weighs in favor of final approval of the proposed settlement.

### 5. The Opinions of Class Counsel and Class Representatives

In evaluating the adequacy of the terms of the settlement, the trial court is entitled to – and should – rely upon the judgment of experienced counsel for the parties. *See DIRECTV*, 221 F.R.D. at 528 ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation") (internal quotations and citations omitted). The basis for such reliance is that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation." *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995).

Here, Class Counsel are seasoned practitioners with extensive FCRA litigation experience. *See* Declaration of Matthew A. Dooley (Doc. 65-1), Declaration of John Bazaz (Doc. 66) and Declaration of Leonard Bennett (Doc 65-3). With first-hand knowledge regarding settlements in similar FCRA cases, Class Counsel believe the settlement is fair, reasonable, and adequate. *See*

11

*Turner v. Murphy Oil USA, Inc.*, 472 F.Supp.2d 830, 852 (E.D. La. 2007). Based on their collective experience, understanding of the strengths and weaknesses of the case and analysis of the discovery produced to date, Class Counsel recommend that the Court approve the settlement. Finally, Smith has also requested that the settlement be approved as her interests coincide with the interests of the Class.

### 6. *The Reaction of Absent Class Members*

In evaluating a proposed class action settlement, the Court should look to the reaction of the class members. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 906 (S.D. Ohio 2001). Here, approximately 1,890 notices were sent by first-class mail. *See* ALCS Dec. (Ex. A). To date, no Class Members have filed objections with the Court and only Thirteen (13) Class Members timely asked to opt out (.68% of the total Class). (*Id.* ¶ 11 and 12) The overwhelming silence from Class Members, lack of objectors and small number of opt-outs demonstrates that the settlement is adequate. *In re Delphi Corp. Sec. Litig.*, 248 F.R.D. 483, 488-89 (E.D. Mich. 2008); *In re Cardizem Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); Newberg on Class Actions, §11.48.

### 7. *The Public Interest*

Last, the Court must consider the public interest in approving the settlement. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem*, 218 F.R.D. at 530, *quoting Granada*, 962 F.2d at 1205. So too here where the settlement brings closure to over a year of litigation and relief to thousands of applicants nationwide.

### D. Notice to the Class was Reasonable and Satisfied Due Process

In class actions certified under Rule 23(b)(3), notice must meet the requirements of both Federal Rules of Civil Procedure 23(c)(2) and 23(e). Rule 23(e) requires that no class action may be dismissed or compromised without court approval, preceded by notice to class members. Fed. R. Civ. P. 23(e). In that vein, Rule 23(c)(2) requires that notice to the class must be "the best practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). The Rule also requires that the notice inform potential class members that: (1) they have an opportunity to opt out; (2) the judgment will bind all class members who do not opt out; (3) and any member who does not opt out may appear through counsel. *Id.* The Court must consider the mode of dissemination and the content of the notice to assess whether such notice was sufficient. *See* Federal Judicial Center, *Manual for Complex Litig.* § 21.312 (4th 2004).

Here, the class list was compiled from information provided by e-Verifile. Prior to mailing, the addresses were updated through the United States Postal Services' National Change of Address ("NCOA") database. *See* ALCS Dec.at ¶ 3. Once the class list was compiled, notice was provided via U.S. First Class Mail. The professional class action Settlement Administrator generated and mailed the notices. *Id.* at ¶¶ 4-5. As of August 22, 2017:

- Original mailing took place on May 26, 2017 to 1,890 class members;

- 378 of the 1890 notices were returned as undeliverable;

- Of the total undeliverable notices, 12 were returned with a forwarding address and they were promptly re-mailed to the updated address;

- Using a nationally recognized location service yielded 256 new addresses for the remainder of the returned Notices. Notices were then re-mailed to these addresses.

*See* ALCS Dec.. at ¶¶ 6-8.

There is no statutory or due process requirement that all class members receive actual notice by mail or other means; rather, "individual notice must be provided to those Class Members who are identifiable through reasonable effort." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-76 (1974). Rule 23(e) gives the Court "virtually complete" discretion as to the manner of service of settlement notice. *See, e.g.*, *Franks v. Kroger Co.*, 649 F.2d 1216, 1222-23 (6th Cir. 1981); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985) (direct notice satisfies due process).

As a backstop, the Settlement Administrator also established a website, www.everifilesettlement.com containing copies of the class notices, the Settlement Agreement and Release and Order Granting Preliminary Approval. ALCS Dec. at ¶ 9. Internet, email, and website communications are routinely included in notification requirements of class action settlements. *See Browning v. Yahoo! Inc.*, 2006 WL 3826714 (N.D. Cal, 2006); *Farinella v. Paypal, Inc.*, 2009 WL 1211912 (E.D.N.Y., 2009); *Choicke v. Slippery Rock Univ.*, 2007 WL 2317323 (W.D. Pa., 2007); *Todd v. Retail Concepts, Inc.*, 2008 WL 3981593 (M.D. Tenn. 2008). E-Verifile also served notice of the settlement upon the relevant state and federal authorities as required by 28 U.S.C. §1715. Class Counsel has not received any correspondence or objections from state attorneys general or any other noticed authorities.

Nearly **94%** of the Class Members received notice. (ALCS Dec. at ¶ 8). The Supreme Court concluded that this type of direct notice satisfies due process, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-13 (1985), and other courts have approved mailed-notice programs that reached a similar percentage of class members. *See In re Serzone*, 231 F.R.D. 221, 236 (S.D. W. Va. 2005) (approving notice program where direct mail portion was estimated to have reached 80% of class members); *Martin v. United Auto Credit Corp.*, 3:05cv00143 (E.D. Va. Aug. 29, 2006) (Final Order approving class notice with approximately 85% delivery); *Ryals v. HireRight Sols.*, Civ. No.

3:09-CV-625 (E.D Va.)(approving class notice with approximately 84% delivery). The absence of any objections received following confirmed notice to over 1,728 Class Members is compelling and demonstrates the excellent result for the Class.

## IV. CONCLUSION

The Parties reached a settlement that provides genuine relief to Class Members by providing each class member who submits a valid claim form with a monetary benefit that is above the statutory minimum damage. The terms of the settlement and circumstances surrounding negotiations as well as the finite end to a costly and protracted litigation satisfies the Sixth Circuit's strictures for final approval.

**WHEREFORE**, Smith and the putative class move the Court for an order entering the final approval of this settlement

Respectfully submitted,

*/s/* Matthew A. Dooley
Matthew A. Dooley
Anthony R. Pecora
Stephen M. Bosak
O'TOOLE MCLAUGHLIN DOOLEY &
PECORA, CO. LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Email: mdooley@omdplaw.com
         apecora@omdplaw.com
         sbosak@omdplaw.com

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, Virginia 22033
Email: jbazaz@bazazlaw.com

Leonard A. Bennett
Craig C. Marchiando

15

Susan M. Rotkis
CONSUMER LITIGATION
ASSOCIATES, PC
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
Email: lenbennett@clalegal.com
srotkis@clalegal.com
craig@clalegal.com

*Attorneys for Plaintiff Tiffany Smith*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on this 25th day of August, 2017, electronically filed Plaintiff's wMotion for Final Approval of Class Settlement using the CM/ECF system, which automatically sends email notification to the attorneys of record.

/s/ Matthew A. Dooley
Matthew A. Dooley
*Counsel for Named Plaintiff*

G:\28\28148\Settlement\2017.08.24 - Motion for Final Approval.docx