**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **TIFFANY SMITH**, *on behalf of herself and all other similarly situated*, | |
| Plaintiff, | CASE NO. 1:16-cv-714 |
| v. | JUDGE PATRICIA A. GAUGHAN |
| **STERLING INFOSYSTEMS-OHIO, INC., STERLING INFOSYSTEMS, INC., and E-VERIFILE.COM, INC.** | |
| Defendants. | |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS AND DISMISSING ACTION**

This matter having come before the Court on September 6, 2017 upon the Plaintiff's Unopposed Motion for Final Approval of the Class Action Settlement and upon review and consideration of the Settlement Agreement and Release filed on April 14, 2017 (the "Settlement Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Court's Final Fairness Hearing, and the submissions filed with this Court, IT IS HEREBY ORDERED and adjudged as follows:

Pursuant to Fed. R. Civ. P. 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement except as modified herein, is hereby finally approved as a fair, reasonable and adequate settlement of this action considering the factual, legal, practical and procedural considerations raised by this action.  The Settlement Agreement except as modified herein is hereby incorporated by reference into this Final Order and Judgment Approving

Settlement, Certifying Settlement Class and Dismissing Action ("Order").  Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

## FINAL ORDER AND JUDGMENT

On March 22, 2016, Plaintiff, Tiffany Smith (hereinafter referred to as "Smith" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against Defendant, e-Verifile, Inc. (hereinafter referred to as "e-Verifile")[1].  Smith asserted class claims against e-Verifile under the Fair Credit Reporting Act (hereinafter referred to as the "FCRA"), 15 U.S.C. § 1681, *et seq.*

E-Verifile denied any and all liability alleged in the Lawsuit.

After extensive arms-length negotiations, discovery and mediation, Smith and e-Verifile (hereinafter jointly referred to as the "Parties") entered into a Stipulation of Settlement on February 7, 2017, which is subject to review under Fed. R. Civ. P. 23.

On April 14, 2017, the Parties filed the Settlement Agreement and Release (*See* Doc. 61-1), along with their Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion") (*See* Doc. 61) on that same date.

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, e-Verifile served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of all 50 states, the District of Columbia, and the U.S. Virgin Islands.

On April 26, 2017, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement

---

[1] Smith also asserted claims against Sterling Infosystems-Ohio, Inc. and Sterling Infosystems, Inc. that were settled on an individual basis. *See* Doc. 60.

(hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Smith as the Class Representative; (iv) appointed Matthew A. Dooley and Stephen M. Bosak, Jr. of O'Toole McLaughlin Dooley & Pecora Co LPA; John C. Bazaz of the Law Offices of John C. Bazaz, PLC; and Leonard Bennett and Craig Marchiando of Consumer Litigation Associates, P.C. as Class Counsel; and, (v) set the date and time of the Final Fairness Hearing.

On August 25, 2017, the Plaintiff filed his Unopposed Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"), (*See* Doc. 67).

On September 6, 2017 at 9:00 a.m. EST, a Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Settlement Agreement, Final Approval Motion, and record and finds as follows:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified as a class action on behalf of the following classes of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

3

> All natural persons residing in the United States who were the subject of one or more background reports furnished to a third party by e-Verifile.com, Inc. for employment purposes, which report(s) contained a record of criminal or traffic arrest or conviction or other criminal history, during the period from March 21, 2014 through March 21, 2016.

3. The Class Members were divided into the following subclasses:

   a. "Notice Class Members" means all members of the Settlement Class who were the subject of a background report that contained a record of criminal or traffic arrest or conviction or other criminal history and Defendant's records show were not mailed a copy of a notice pursuant to 15 U.S.C. § 1681k(a)(1).

   b. "PAAN Class Members" means all members of the Settlement Class who were not given a copy of the report and/or written summary of rights pursuant to 15 U.S.C. § 1681b(b)(3) during the period from March 21, 2014 through March 21, 2016, whose eRailsafe applications were denied as a result of a background report, and who later appealed such denial.

4. There are approximately 1,890 Class Members. Approximately 202 timely and complete claim forms for the PAAN Class have been filed.

5. Notice Class Members automatically receive payments.

6. Pursuant to Fed. R. Civ. P. 23, the Court certifies Plaintiff Tiffany Smith as the Class Representative and Matthew A. Dooley and Stephen M. Bosak, Jr. of O'Toole McLaughlin Dooley & Pecora Co LPA; John C. Bazaz of the Law Offices of John C. Bazaz, PLC; and Leonard Bennett and Craig Marchiando of Consumer Litigation Associates, P.C. as Class Counsel.

7. The approved class action notices were mailed to Class Members in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notices were clearly designed to advise the Class Members of their rights.

8. The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

4

a. The Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

c. The claims of the Class Representatives are typical of the claims of the Class Members;

d. The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

9. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Settlement Agreement, except as modified herein, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strengths and weaknesses of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

10. The Settlement Agreement shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

a. The Settlement Fund of $156,000.00 will be distributed as follows:

5

       i. Each Notice Class Members shall receive a gross sum not to exceed $75.00;

       ii. Each PAAN Class Member shall receive a gross sum not to exceed $418.95;

   b. In the event that settlement checks mailed to Settlement Class Members returned as undeliverable or otherwise not cashed before becoming stale or void, the parties shall proceed with an additional distribution as provided for in Section 8.8 of the Agreement after first applying any uncashed checks to the balance of the Settlement Administrator's fees.

   c. The Settlement Fund will be deposited with the Settlement Administrator within thirty (30) days of this Order.

11. The Class Members were given an opportunity to object to the settlement and no objections were filed. The opt-out members are excluded from the class and settlement and are not bound by this order. The identities of such persons are set forth in the Opt-Out List filed with this Court (Doc. 67-1).

12. This order is binding on all Class Members, except those individuals identified in the Opt-Out List (Doc. 67-1), who validly and timely excluded themselves from the class.

13. The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

14. The Lawsuit is hereby dismissed with prejudice in all respects.

15. This order is not, and shall not be construed as, an admission by eVerifile of any liability or wrongdoing in this or in any other proceeding.

16. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan          9/6/17
_____
UNITED STATES JUDGE PATRICIA GAUGHAN